31 C.C.P.A.(Patents)

## HYGIENIC PRODUCTS CO. v. HUNTING-TON LABORATORIES, Inc.

### Patent Appeal No. 4794.

Court of Customs and Patent Appeals.

Dec. 7, 1943.

Frease & Bishop, of Canton, Ohio (Harry Frease and Joseph Frease, both of Canton, Ohio, of counsel), for appellant.

Lockwood, Goldsmith & Galt, Indianapolis, Ind. (Ralph G. Lockwood, of Indianapolis, Ind., and Dwight B. Galt, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents affirming a decision of the Examiner of Trade-Mark Interferences dismissing appellant's notice of opposition to the registration by appellee of the words "Toilet-San" for "Porcelain Cleaner in Powder Form."

Appellee's application was filed October 10, 1940. It states: "The trademark is applied or affixed to the goods, or to the package containing the same by lithographing the trademark on the container. The word 'Toilet' is hereby disclaimed apart from the mark as shown." The application further states that the mark had been continuously applied to applicant's goods since 1925.

Appellant's notice of opposition alleged ownership of the trade-mark "Sani-Flush" and registration of the same on April 9, 1912, for cleaning powder, the same being numbered 86,062. It further alleged continuous use of said mark since April 1911 on cleaning powder for water-closet bowls made of porcelain; that the dominant characteristic of both appellant's and opposer's mark is "the non-descriptive word 'San' upon a yellow panel." The usual allegations of confusing similarity of the marks and damage to opposer were also made.

Both parties submitted stipulated testimony.

The Examiner of Interferences dismissed the notice of opposition and further held that appellee was entitled to register its mark. In his decision he held that appellant had established use of its mark upon cleaning powder long prior to the earliest date claimed by appellee of use of its mark upon like goods. He further held that the respective marks were applied to goods of the same descriptive properties, but that they are not confusingly similar.

Upon appeal to the commissioner, the decision appealed from was affirmed. In his decision the commissioner stated:

"The goods are inexpensive and are of the type that are purchased by the public generally and are not apt to be purchased with great discrimination or care.

"The examiner held the marks to be so different from each other as not to be confusingly similar. It is recognized that the word 'Toilet' of the mark 'Toilet-San' is merely descriptive of the goods and is disclaimed in the application. It is the word 'San' that gives the entire mark its trademark significance. Accordingly the effect of the word 'San' on the appearance, sound and significance of the mark as a whole must be given more weight than the effect of the word 'Toilet' on the mark as a whole. The public when considering words as trade-marks is apt to be more impressed by the trade-mark significance which the marks carry than by any descriptive significance that also may be present. When words are considered for indication of descriptive properties of the goods, the reverse would be true. Here we are concerned with the marks as trade-marks.

\* \* \* \* \* \* \*

"Considering both marks in their entireties it seems to me that because of the difference in the positions of the syllable 'San' in the marks, the difference in their degrees of prominence in the marks and the absence of the word 'Toilet' in opposer's mark and the absence of the word 'Flush' in applicant's mark, the marks in their entireties are so dissimilar that even when applied to the inexpensive cleaning compounds adapted for the same uses their concurrent use would not be likely to cause confusion or mistake in the mind of the public or to deceive purchasers, and that the examiner was correct in dismissing the opposition."

The sole question before us is whether the marks of the parties are confusingly similar. It appears from the testimony that appellant began using its mark "Sani-Flush" upon a powdered chemical water-closet bowl cleaning preparation in 1911, and has since that time continuously used it upon such preparation manufactured by it; that in the year 1940 it sold more than sixteen million cans bearing said trademark and in the past thirty years has expended more than eight million dollars in advertising said product; that since 1923 appellee has used the term "San" either as a prefix or suffix in trade-marks applied to a large variety of goods, such as soaps, disinfectants, cleaning compounds for floors, etc., many of which have been registered in the United States Patent Office; that since 1925 it has continuously used the mark "Toilet-San" applied to goods for cleansing solid porcelain fixtures; that appellee, between 1925 and 1940 expended approximately $560,000 in advertising its various products bearing trade-marks in which the term "San" appeared as a part thereof.

A most unusual situation is presented by appellant's reasons of appeal in that they allege that the commissioner erred in the following respects, viz., in holding that the word "Toilet" in appellee's mark is descriptive; in holding that the term "San" in said mark gives the entire mark its trademark significance; in holding that the effect of the term "San" must be given more

510

weight than the effect of the word "Toilet," considering the mark as a whole, and in not giving weight to the full effect of the "trade mark significance" of the word "Toilet" on the mark as a whole.

If we should agree with appellant that the commissioner erred in the respects above stated we should be compelled to affirm the decision of the commissioner, for only by holding that the word "Toilet" in appellee's mark is descriptive, and that the term "San" is the dominant part of appellee's mark, could it be held that the marks of the respective parties are confusingly similar. However, other reasons of appeal by appellant raise the question of error by the commissioner in his holding that the marks are not confusingly similar, even if it be held that he did not err with respect to the descriptiveness of the word "Toilet" or the dominance of the term "San" in appellee's mark.

We, therefore, proceed to a determination of the merits of the case based upon the record before us.

■ That the word "Toilet" in appellee's mark is descriptive, we have no doubt. True it is not descriptive of the goods to which the mark is applied, but it is descriptive of the use or function, that is the "character or quality," of the goods. One of the definitions of the word "Toilet" found in Funk and Wagnalls New Standard Dictionary is "A lavatory or watercloset," and it is clear that the word is used in that sense in appellee's mark. There could be no other reason for the disclaimer by appellee of the word "Toilet" apart from the mark shown.

In the case of In re Hair Net Packers, Inc., 115 F.2d 254, 256, 28 C.C.P.A., Patents, 715, we held that the word "Professional" applied to hair curlers, etc., was descriptive and barred from registration under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq. We there called attention to the provisions of section 5 of that act which prohibited registration of marks "which are descriptive of the goods with which they are used, or of the character or quality of such goods * * *."

In our decision we stated: "The term 'Professional' is more than suggestive. It describes the quality of the goods as being of the character used by professional hairdressers, and appellant may not have a monopoly upon the term in describing its goods even though it is in part misdescriptive of them."

In the case of In re General Permanent Wave Corporation, etc., 118 F.2d 1020, 28 C.C.P.A., Patents, 1099, we held that the words "Vaper Marcel" applied to hair waving pads, was descriptive of the use to which the articles were put, and hence barred from registration

So, in the case at bar the word "Toilet" in appellee's mark merely indicates that the goods to which the mark is applied are to be used in the toilet, and standing alone the word has no trade-mark significance. It follows that we are in agreement with the holding of the commissioner that "San" is the dominant part of appellee's mark.

Neither of the parties hereto claim that the term "San" is descriptive, but it is claimed by appellee that many trade-marks on related products for cleansing and sanitation embodying the term "San" were in common use long prior to the adoption by appellant of its mark, and, therefore, appellant was not entitled to the exclusive use of such term in its mark. Appellee introduced in evidence fifteen trade-mark registrations to establish such claim.

■ That prior trade-mark registrations may not be considered for the purpose of giving a limited application to an opposer's mark is well established by this court.

In the case of Breakstone Bros., Inc., v. Gerber & Co., Inc., 58 F.2d 419, 420, 19 C.C.P.A., Patents, 1224, we said: "With respect to the registrations set up by appellant, this court has repeatedly held that, in cases of this character, prior registrations by third parties can not be considered in determining the question of confusing similarity between the mark of an applicant and that of an opposer." (Citing cases).

The case of Pepsodent Co. v. Comfort Manufacturing Co., 83 F.2d 906, 908, 23 C.C.P.A., Patents, 1224, is especially in point here. In that case the confusing similarity of the marks "Pepsodent" and "Pearledent" was the issue. It was claimed by appellee in that case that the term "dent" formed a portion of at least fifty trade-marks registered prior to opposer's registration, and, therefore, opposer was not entitled to the sole use of the term "dent" in its mark. With respect to this contention we said: "We have frequently said that an applicant for the registration of a trade-mark does

not strengthen his own case by pointing out a confusing similarity between trade-marks registered in the Patent Office which are not involved in applicant's proceeding. It has always been the view of this court that an applicant's right to the registration of a mark, which implies the exclusive right to use the same, is not enlarged or changed by a consideration of confusingly similar trade-marks which have been registered in the Patent Office. Appellee's argument, in effect, amounts to a contention that since there is already confusion by reason of Patent Office registrations and extensive use of the term 'dent' in many marks, it should have the right to further add to the existing confusion. We do not think the registration statute was intended to promote such a condition as appellee, in effect, argues for."

For the reasons stated we cannot consider registration to third parties in which the term "San" has been used, and hold that the terms "San" in appellee's mark and "Sani" in appellant's mark must, in themselves, be given trade-mark significance.

The question remains whether the mark of appellee "Toilet-San" and appellant's mark "Sani-Flush," when applied to goods used for identical purposes, are confusingly similar. It is well established that in deciding this question each mark must be considered in its entirety, but it does not follow that every part of a mark must be given the same weight.

In the case of American Brewing Company, Inc., v. Delatour Beverage Corporation, 100 F.2d 253, 256, 26 C.C.P.A., Patents, 778, which involved disclaimed descriptive words in a trade-mark, we said: "* * * confusing similarity between two trade-marks may not be avoided by the later user merely by adding descriptive disclaimed words to a technical mark clearly similar to the mark of the earlier user. Were it otherwise, one desiring to profit from another's trade-mark could appropriate it and, by superimposing upon it a number of descriptive words, not in themselves registrable, and therefore disclaimed apart from the mark shown, secure registration of the same, because the two marks would not be confusingly similar if the descriptive disclaimed words be given the same effect, in considering the mark as a whole, as if such disclaimed words were in themselves registrable as a valid trade-mark. * * *"

We further stated in said case: "Inasmuch as the disclaimed words are clearly not registrable, apart from the mark shown, any one has the right to use those words in a descriptive way, if descriptive of his merchandise. It therefore seems to us that the disclaimed words, although they are a part of the mark, could only in a very minor degree indicate origin of goods in the registrant."

In the case of Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation, 111 F.2d 481, 482, 27 C.C.P.A., Patents, 1189, after citing a number of cases we stated:

"These cases are cited to illustrate the fact that, although one part of a mark may be less conspicuous than another part, the less conspicuous part may be the dominant portion thereof.

"If the purchaser of trade-marked goods would be more likely to remember one part of a mark than another part as indicating origin of the goods, such word is the dominant part of the mark under the decisions above cited."

We are of the opinion that a purchaser of appellee's goods would remember only, as indicating origin, the term "San" and would regard "Toilet" only as describing the use to which the goods were to be put. Anyone manufacturing like goods would have the right to use the word "toilet" as a part of his trade-mark, but the validity of the mark would depend upon the other portion thereof.

The question, therefore, is whether, considering the term "San" as the dominant part of appellee's mark, its mark considered as a whole is confusingly similar to appellant's mark "Sani-Flush"

In the case of Saxlehner v. Eisner & Mendelson Company, 179 U.S. 19, 21 S.Ct. 7, 12, 45 L.Ed. 60, it was held that "It is not necessary to constitute an infringement that every word of a trademark should be appropriated. It is sufficient that enough be taken to deceive the public in the purchase of a protected article."

Appellee has appropriated the first three letters of appellant's mark. We have no doubt that this was done in the full belief that it had the right so to do, but considering the very inexpensive character of the goods to which the marks are applied, purchasers would not be likely to give careful scrutiny to the marks, and upon

512

seeing the marks "Toilet-San" and "Sani-Flush" or listening to advertising over the radio, they would be likely to remember the terms "San" and "Sani" and become confused with respect to the origin of the goods and accept the goods of one of the parties, believing their origin to be in the other party. There is at least such doubt upon this point that in accordance with the established rule it should be resolved against the newcomer, the appellee.

■ Appellee, in its brief, calls our attention to the fact that its witnesses testified that over the period of fifteen years, during which both marks were in use, they had never known of any confusion arising from such use.

While such evidence is competent, it has very little probative force. In the case of Pepsodent Co. v. Comfort Manufacturing Co., supra, we said: "The Commissioner has pointed out that no actual confusion has been proved. While actual confusion is an important consideration, where proved, the issue of confusing similarity and the likelihood of resulting confusion may always be determined without resorting to any evidence of actual confusion."

For the reasons stated herein, the decision of the Commissioner of Patents is reversed.

Reversed.

BLAND, Associate Judge dissents.