53 CCPA

**The SEVEN-UP COMPANY**

v.

**TROPICANA PRODUCTS, INC.**

**Patent Appeal No. 7581.**

United States Court of Customs and Patent Appeals.

March 3, 1966.

Martin, J., dissented.

Lewis S. Garner, Beverly W. Pattishall, Helen W. Nies, Chicago, Ill., for appellant.

C. Willard Hayes, Washington, D. C. (Cushman, Darby & Cushman, Washington, D. C., of counsel), for appellee.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board dismissing an opposition to Tropicana Products, Inc.'s application to register the mark "SUN-UP" for orange concentrate used in the preparation of uncarbonated orange drink. The product is sold mainly to dairies and distributed through dairy route men to householders

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.

and grocery stores. The opposer is the Seven-Up Company, the ground of opposition being that the appellee's mark "SUN–UP" so resembles "SEVEN–UP" and "7–UP", the opposer's trademarks for a carbonated beverage having a lemon-lime flavor, as to be likely to cause confusion or to cause mistake or to deceive (15 U.S.C. § 1052). "SEVEN–UP" is sold to the general public through usual channels of trade such as supermarkets, grocery stores, soda fountains and vending machines.

The products manufactured and sold by the parties are only very remotely competitive, but their ultimate buying publics are about the same and there is enough similarity between the products to make it quite likely that many consumers would think that it was a companion product put out by the opposer if the marks are sufficiently similar. However, the board found that "SUN–UP" was not confusingly similar to "SEVEN–UP" or its equivalent "7–UP" and we agree.

The statute, 15 U.S.C. § 1052(d) states what degree of resemblance to a registered mark must exist in order to deny registration to a new one. There is no similarity whatever between the principal or dominant words ("sun" and "seven") of the marks. Certainly a 3-letter word cannot be said to "resemble" a 5-letter one just because both begin and end with the same letter. Nor do we think confusing similarity in the marks can be found merely from the concurrently used word "up"]—a word which, as an adverb, has so many and such diverse meanings (sometimes no meaning at all [1]) that it seldom has much effect in lending character or distinctiveness to a combination of which it is a part, and the average purchaser is so accustomed to seeing it used in conjunction with a wide range of other English words that, when it appears in a trade-mark, he would be unlikely to recognize it as signifying source or origin.

"It is well established that in deciding this question each mark must be considered in its entirety, but it does not follow that every part of a mark must be given the same weight." Hygienic Products Co. v. Huntington Laboratories, 139 F.2d 508, 31 CCPA 773.

The trademarks now under consideration consist of common English words used in combinations which convey entirely different meanings. Practically everyone knows that "sun-up" denotes the time of day when the sun rises and a large section of the public would associate "seven-up" with a game, either accurately, a card game, or inaccurately, a game played with dice. The appellant contends that the board was unduly influenced by the dissimilarity of meaning between the marks. As a matter of fact, the meaning of words in trademarks is often an important consideration in determining whether likelihood of confusion exists. Where the words have well known and understood, widely differing meanings, a small difference in spelling or appearance may be sufficient to distinguish them and avoid a finding of confusing similarity. On the other hand, with coined words which are meaningless so far as the English language is concerned, slight variations in spelling or arrangement of letters are often insufficient to direct the buyer's attention to the distinction between marks.

Affirmed.

MARTIN, Judge (dissenting).

I agree with the majority that the goods of the parties are substantially similar. However, I cannot agree with the analysis of the majority leading to a conclusion that there would be no likelihood of confusion between the marks.

Even giving "Seven" and "Sun" a dominant emphasis or weight, the marks in their entirety are "SEVEN–UP" and "SUN-UP." It seems clear to me that the two marks are so related in sound

---

1. e. g. "hurry"—"hurry up", "lift—"lift up", "raise"—"raise up", "wake—"wake up", etc.

and appearance as to cause confusion, or to cause mistake or to deceive when applied to the respective goods. I think the board and the majority over-analyze the mark, and place too much emphasis on the meaning of the words thereof.

But regardless of the details of dissimilarity in the sound, meaning, and appearance of the marks, I believe the marks have the same psychological effect on the mind and, therefore, are likely to cause confusion, or to cause mistake, or to deceive. In view of the above, I would reverse.