## In re LAWSON et al.

### Patent Appeal No. 3221.

Court of Customs and Patent Appeals.
April 30, 1934.

Emery, Booth, Varney & Townsend, of Boston, Mass. (Irving U. Townsend, of Boston, Mass., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner, rejecting twenty-five claims (being all the claims) of appellants' application for patent for additional thread controlling mechanism for knitting machines.

Claims 1 and 15 are regarded as fairly illustrative:

"1. In a knitting machine having means for introducing a main thread and an additional thread, separate means for introduc-

ing a second additional thread to needles then receiving the main thread and the first additional thread whereby said second additional thread is knitted in regular knitted loops into the fabric."

"15. In a circular knitting machine, means for introducing threads at opposite sides thereof and for reciprocating the needle carrier so as to knit split work, means to introduce a reinforcing thread during the formation of split work, and means for introducing a third thread to certain at least of the needles, which are then receiving the main or body thread and another reinforcing thread whereby said second additional thread is knitted in regular knitted loops into the fabric."

All the claims were rejected by the Examiner as presenting nothing patentable over patent No. 1,496,724, issued June 3, 1924, to one Lawrence J. Mirsky, and claims 2 to 25 were also rejected "as based on a defective disclosure."

The Board of Appeals expressly disapproved the rejection upon Mirsky, but held all the claims unpatentable on the ground that "the application as filed fails to disclose an operative mechanism." It also rejected claims 1 to 8, inclusive, "under provisions of Rule 139 as broader than any inventive concept disclosed in the specification."

The opinion of the Board of Appeals made reference to certain patents issued, respectively, to J. D. Hemphill and A. Gagne, but they do not constitute technical references against the application, and were not, in fact, included in the record, being presented only in appellants' brief.

The application, in its entirety, presents a subject-matter exceedingly complicated, particularly to those not skilled in the knitting machine art, but, in the final analysis, the claimed invention has to do with means, as described, for inserting a third thread during the process of knitting hosiery. It purports to disclose a machine, stated to have been invented by the Lawsons and afterwards manufactured and placed upon the market. The brief for appellants says:

"The characteristic feature of the said machine was that a third thread was introduced at the high splice area, so that at said area there were three threads, namely, the main or usual knitting thread, the so-called high splice thread introduced to about one-half the needles, and said third thread which never before had been introduced. Preferably that third thread was also introduced when the knitting of the top of the toe was

reached, so that the top of the toe was reinforced."

The original specification recites:

"The purpose of this invention is to provide means for introducing an additional yarn or thread, and more specifically stated for introducing in the knitting of a stocking a yarn or thread which at the high splice area is a third thread and which may extend into the heel itself, and which said thread is again introduced in knitting the toe and particularly the upper part of the toe, thus constituting a second or reinforcing thread thereat."

Specifically, the requirement is for elements, related in such a way as that a means for the operation of a yarn guide for the third thread can be positioned for the reinforcement of both the high splice of the heel and the toe section of a stocking.

Appellants disclose a wire through which the yarn guide is positioned. The movement of the wire is effected by two levers. One lever is under control of pattern cams, mounted upon a shaft, which cams position the yarn guide for starting the thread for the reinforcement in the high splice of the heel. The other lever is under control of other mounted pattern cams, which function to position the yarn guide for application of the thread to reinforce the top of the toe of the stocking.

According to the drawings, both levers are effective upon one wire—that is, one element must serve as means to position the yarn guide for introducing the reinforcing thread into both heel and toe.

The respective levers are rendered effective for positioning the yarn guide by being dropped, as the machine operates, into depressions in the respective pattern cams. It was held, in effect, by the Board of Appeals, that to meet the requirements of the application both levers must be, at the same time, positioned in their respective cam depressions, and that from the disclosure this cannot be accomplished.

Upon the contrary, it is declared, in substance, that both levers cannot be in operative position at the same time; that when the end of the heel reinforcement control lever is in its cam depression, and hence in operative position, the end of the toe reinforcement control lever will be raised from its cam depression, and hence be out of operative position, and vice versa. The Board adds that, because both levers are effective upon the same wire, or rod, "it seems to be impossible to so relate these elements that the rod 65 effective on the additional yarn guide can be positioned for both the reinforcement of the high splice of the heel and the toe section of a stocking."

Appellants do not challenge the correctness of the Board's interpretation of the claims, but endeavor to show that the ends of both levers may be contemporaneously in operative position. To the arguments upon this point, we have given careful study.

In the presence of this court, during oral argument, counsel for appellants operated a knitting machine which purported to embrace the claimed invention at issue, and, in the brief, the actual drawings of the application have been supplemented by other drawings, designed, so it was said, to bring out more clearly features inherent in the machine, but not fully illustrated or explained in the original.

Such of these demonstrations and drawings as seemed pertinent and proper to be considered have been duly weighed. We are not convinced, however, that the Patent Office experts were in error upon this phase of the case, and this phase is a basic one which runs to every claim of the application. The cases of In re Stauber, 45 F.(2d) 661, 18 C. C. P. A. 774, and In re Bloch, 65 F.(2d) 268, 20 C. C. P. A. 1180, contain matter which is here in point.

To the lay mind it may seem somewhat anomalous to hold lack of disclosure of operativeness, when a machine is actually operated, assuming, of course, that the invention claimed is actually in the device, but it must be remembered that a patent may not be based upon a machine, unless, in the usual and prescribed way, it is disclosed with sufficient clearness in the application itself to meet the statutory requirements.

A second important question, relating to failure to show operativeness, discussed by the Board, is that of a timing of parts with regard to certain cam arrangements. The objections pointed out upon this feature seem to be well taken, but, in view of our conclusion upon the other phase, we deem it unnecessary to enter upon any detailed review of this issue.

Upon the question of the breadth of claims 1 to 8, we likewise feel the Board's position to be correct.

The decision of the Board of Appeals is affirmed.

Affirmed.