HEMPHILL CO. v. COE, Com'r of Patents.

No. 7659.

United States Court of Appeals for the District of Columbia.

Decided May 12, 1941.

Edward W. Shepard, of Washington, D. C., and Roy F. Lovell, of Pawtucket, R. I., for appellant.

W. W. Cochran, Sol., and Edwin L. Reynolds, of the United States Patent Office, both of Washington, D. C., for appellee.

Before MILLER, VINSON, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

Appellant seeks reversal of the District Court's judgment dismissing its complaint under Rev.Stat. § 4915 (1893), 35 U.S.C. § 63, 35 U.S.C.A. § 63 (1934), to authorize the Commissioner of Patents to issue a patent upon application No. 749,596 made by its assignors.

The application related to improvement in complicated knitting machines. It was filed October 23, 1934. A previous application (No. 213,818), filed August 18, 1927, was rejected by the Patent Office for inoperativeness. This ruling was affirmed by the United States Court of Customs and Patent Appeals. In re Lawson, 1934, 70 F.2d 373, 21 C.C.P.A., Patents, 1091. It is conceded that public use occurred between the dates of the two applications, and therefore appellant is unable to furnish a new oath in support of the second one as required by the statute. 35 U.S.C. §§ 31, 35, 35 U.S.C.A. §§ 31, 35. To supply this requirement, however, it seeks to rely upon the oath made in support of the first application. The theory is that for this purpose the present application is a continuation of the earlier one, though appellant also says the two are

so distinct that it is not precluded from bringing this suit by the appeal to and decision of the Court of Customs and Patent Appeals.

The principal question, therefore, is whether for the sole purpose of supplying the necessary oath the second application may be regarded as a continuation or division of the first, though for all other purposes, including institution of this suit, it must be considered as a new and independent one. We think the Patent Office and the District Court were right in holding that this should not be allowed.

■ Under Section 4915, an appeal from a decision of the Patent Office (Board of Appeals) to the Court of Customs and Patent Appeals precludes later maintenance of a bill in equity upon the same application.[1] The remedies are alternative and mutually exclusive, though differing in that the equity suit affords an opportunity for introduction of new evidence which is lacking on the appeal. The remedy elected is conclusive of the issues raised and of those which might have been raised.[2] A party therefore by filing a second application cannot obtain a review of questions which were, or might have been, determined on a review relating to the first.[3]

■ The appeal on the first application here determined that it does not disclose an operative device. That question therefore is foreclosed as to any subsequent application which raises the same issues as the first or issues which might have been raised upon it. To be entitled to raise the question of operativeness under the second application by bill in equity, as it seeks to do here, appellant must show that it is not identical with the first, but is a new and independent one. For this purpose the accepted test is whether the second application makes disclosure additional to that of the first sufficient to constitute invention.[4]

■ Appellant has been unable to do this. In effect, it concedes that the disclosure of the second application over the first does not amount to invention, when it insists that the first disclosed an operative device and the second was a continuation or division of the first. It nowhere claims that the changes made in the second, consisting largely of additional figures or drawings, constituted invention. One reason for this, of course, is that under such a claim it could not also assert the right to have the benefit of the filing date of the first application, which it must have in order to escape the consequences of the intervening public use.

However, appellant seeks to avoid this difficulty by asserting that the first application was operative, could have been shown so by evidence it could not present on the appeal but might have presented in an equity suit, and that it is entitled to present such evidence in this case.[5] Its theory seems to be that the second application, though disclosing no invention over the first, still was sufficiently different to lay a foundation for a new appeal or suit in equity under Section 4915. The analogy appears to be to a pleading which sets forth a cause of action or a defense so defectively that it is demurrable, yet furnishes a basis for perfection by amendment which for some purposes at least, e. g., applying a statute of limitations, relates back to the filing of the original pleading.

The analogy is hardly applicable, since it is not contended that the second application here disclosed invention over the first. It is as if the pleading had been amended so that still no cause or defense would be stated. In such a case the condition for

---

[1] Contrary to the formerly prevailing rule in effect when the authorities relied upon by appellant were decided, viz., Larson v. Crowther, 8 Cir., 1928, 26 F. 2d 780; Bernardin v. Northall, C.C.D. Ind.1897, 77 F. 849; United Shoe Machinery Corp. v. Muther, 1 Cir., 1923, 288 F. 283; Clements v. Kirby, 6 Cir., 1921, 274 F. 575.

[2] In re Marconi, 1912, 38 App.D.C. 286; In re Dement, 1920, 49 App.D.C. 261, 263 F. 813.

[3] In re Edison, 1908, 30 App.D.C. 321; cf. In re Marconi, 1912, 38 App.D.C. 286; In re Wasserfallen, 1924, 54 App.

D.C. 367, 298 F. 826; In re Barratt's Appeal, 1899, 14 App.D.C. 255.

[4] Cf. Remington Cash Register Co. v. National Cash Register Co., D.C.D.Conn. 1925, 6 F.2d 585; Manhattan Book Casing Machine Co. v. Fuller Co., C.C.S.D. N.Y.1912, 274 F. 964; Trumbull v. Kirschbraun, 1933, 67 F.2d 974, 21 C. C.P.A., Patents, 758.

[5] Appellant says, in the brief: "The primary question raised by the instant appeal is whether the disclosure in the parent application Ser. No. 213,818 is sufficiently complete to teach those skilled in the art to which the invention pertains, how to operate a knitting machine to produce the desired product."

relating backward would not be fulfilled. The argument seeks in effect merely to circumvent the requirement that the application disclose invention over the first to entitle the applicant to further review.

That appellant seeks really to redetermine the question which the decision of the Court of Customs and Patent Appeals has concluded appears from its insistence that the trial court should have received the evidence it tendered to show that the first application disclosed an operative device. That is the foundation of its claim that it may rely upon the date of that application as to public use. It is true that it seeks to limit the effect of the redetermination to this single purpose, but no reason is assigned to show that if this is permissible for one purpose it may not be for others. The disclosure of the first application was either operable or inoperable. Whether the one or the other, it had effect as to public use as well as other requirements. Nothing in the statute indicates that a disclosure may be operable for one purpose and not for others. On the contrary, the patent laws contemplate that fulfillment of the various requirements shall be contemporaneous as of the date of the application, not disjunctively successive as of the dates of successive applications disclosing no inventive difference. Any other view would bring about a practical disruption of the patent system and circumvent both the remedial and substantive provisions[6] of the Act to the prejudice of the rights of others, including the public.[7] No authority has been cited to show that such a relaxation of the conditions for obtaining the patentee's monopoly is permissible and we think the reasons against allowing it, including the clear implications of the decisions which have been cited, are conclusive.

Appellant's difficulty may be cast in the form of a dilemma. If the second application discloses nothing inventive over the first, the appeal on the first has determined conclusively that it is inoperative, and relief by way of this suit is precluded. If it discloses new matter, public use within the statutory period cannot be denied under oath. It can make no difference that appellant might have filed a bill in equity to review the Patent Office's decision on the first application and presented testimony in the suit which could not be received on the appeal. "The saddest words of tongue or pen" cannot overcome the effect of its own, though perhaps mistaken, election of remedies.

It is unnecessary to discuss the other contentions which were made, consisting in the main of arguments, in different guise, which we have considered.

The judgment is affirmed.

---

[6] In this case the exclusive effect of the election of remedies and the requirements as to public use.

[7] The very fact that such rights may intervene is in itself strong reason for refusing to permit the tacking together of incidents of several applications differing as to time but not as to invention.