SPRAGUE v. WOLL, U. S. Atty. (INTER-STATE COMMERCE COMMISSION et al., Interveners).

No. 7608.

Circuit Court of Appeals, Seventh Circuit.

July 22, 1941.

Robert E. Quirk, of Washington, D. C., and Frederick E. Stout and Ralph R. Bradley, both of Chicago, Ill., for appellants.

Wm. B. Rubin, of Milwaukee, Wis., Leo J. Hassenauer, of Chicago, Ill., Robert L. Stern, Sp. Asst. Atty. Gen., and Daniel W. Knowlton and Nelson Thomas, both of Washington, D. C., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant, the Receiver of the Chicago, North Shore and Milwaukee Railroad, petitioned for an injunction to prevent the United States Attorney from prosecuting any actions against the Railroad for alleged violations of the Railway Labor Act, 45 U.S.C.A. § 151 et seq. The petition was denied, and from that order this appeal is prosecuted.

The appeal presents two questions: (1) The correctness of the determination of the Interstate Commerce Commission that the North Shore was part of the general steam-railroad system of transportation, hence subject to the provisions of the Act; and (2) the power of the Commission to reopen a proceeding theretofore decided by it, and reverse its earlier decision.

The proceeding out of which the present proceeding grows originated from a request of the National Mediation Board to the I. C. C. for a determination of whether or not the North Shore was exempt from the Railway Labor Act, to which carriers are subject, "Provided, however, That the term 'carrier' shall not include any street, interurban, or suburban electric railway, unless such railway is operating as a part of a general steam-railroad system of transportation, but shall not exclude any part of the general steam-railroad system of transportation now or hereafter operated by any other motive power. The Interstate Commerce Commission is hereby authorized and directed upon request of the Mediation Board or upon complaint of any party interested to determine after hearing whether any line operated by electric power falls within the terms of this proviso. * * *" 45 U.S.C.A. § 151.

In November, 1936, after a hearing participated in by representatives of the road and two labor organizations, all of whom were in accord, it was determined by a Division of the Commission that the road fell within the terms of the exemption proviso, hence was not subject to the Act. In its report, it was stated that there was no opposition to the contention of the North Shore that it was exempt, and it seems clear from the report that the Commission was greatly influenced by this fact, and by the fact of an earlier determination by the District Court involving a somewhat different question arising out of the applicability of § 20a of the Interstate Commerce Act, 49 U.S.C.A. § 20a, requiring approval of the Commission for the issue of securities of railroads unless such roads were exempt by reason of a provision similar to the one here involved. The District Court decision was affirmed by the Supreme Court. United States v. Chicago, North Shore & M. R. Co., 288 U.S. 1, 53 S.Ct. 245, 77 L.Ed. 583. In rendering its decision, the Commission stated, "Undoubtedly this is a close or border-line case, but considering the view expressed by the Supreme Court in the case hereinbefore cited, together with the absence of any opposition of record to the contention that this carrier is exempt, and the fact that *no*

*carload freight is handled to or from or interchanged at either of the two principal terminals,* which are much the largest cities served, the doubt must be resolved in favor of holding that the carrier falls within the exemption." (The matter in italics was shown upon the subsequent hearing not to be true.)

Following the decision of a Division of the Commission in November, 1936, that the North Shore was exempt from the operation of the Act, Division 900 of the Amalgamated Association of Street, Electric and Motor Coach Employees, in August 1937, requested the Commission to make a determination of the status of the road as pertaining to the R. R. Retirement Act, 45 U.S.C.A. § 228a et seq., and in February, 1938, the Commissioner of Internal Revenue requested a similar determination with reference to the status of the North Shore under the Retirement Act, and also under the Carriers Taxing Act, 45 U.S.C.A. § 261 et seq., both of 1937. Thereafter, on February 25, 1938, the Commission, on its own motion, reopened its earlier determination as to the Railway Labor Act, in order to consider the status of the road with relation to the three Acts in the same proceeding and on the same record. There was a much more comprehensive hearing than the earlier one, and additional facts were in evidence which had not been disclosed at the earlier, non-adversary hearing. The full Commission then handed down its report, finding that the North Shore was not a street, interurban or suburban electric railway within the meaning of the exemption provisos in the three statutes, and that it was a part of the general steam-railroad system of transportation.

Appellant contends that the Commission had no authority to reopen the proceeding by which it had already determined the status of the North Shore with relation to the Railway Labor Act. The Interstate Commerce Act, 49 U.S.C.A. § 16a, provides:

"After a decision, order, or requirement has been made by the commission in *any* proceeding any party thereto may *at any time* make application for rehearing of the same, or any matter determined therein, and it shall be lawful for the commission in its discretion to grant such a rehearing if sufficient reason therefor be made to appear. * * * and if * * * after such rehearing and the consideration of all facts, including those arising since the former hearing, it shall appear that the original decision * * * is in any respect unjust or unwarranted, the commission may reverse, change, or modify the same accordingly. * * *" (Our italics.)

The effect of this section appears to be to confer upon the Commission a continuing jurisdiction over proceedings had before it. The continuance of this jurisdiction was held, in the case of Baldwin v. Milling Co., 307 U.S. 478, 59 S.Ct. 943, 83 L.Ed. 1409, sufficient to authorize an order by the Commission reopening a case on petition for rehearing, two and a half years after payment by the Missouri Pacific of a reparation order of $23,994, and, after further hearing, reversing the original reparation order, the repayment of which the railroad sued to recover, October 30, 1934, over five years after payment. The Court held the railroad entitled to recovery of the reparation in spite of the fact that the shipper showed that it had disbursed the amount thereof, half for regular corporate purposes, and the other half to an expert who represented the shipper before the Commission, and against whom a suit to recover was barred by the statute of limitations prior to demand for refund by the railroad.

It seems clear to us that if a court or administrative board has jurisdiction over a cause to be exercised in its discretion upon petition of the parties in interest, there must be such jurisdiction as empowers it to reopen the proceeding on its own motion when such action appears to it to be necessary. In view of the broad scope of the language of § 16a (re-enacted in September, 1940, as § 17(6), we see no reason for distinguishing between the jurisdiction of the Commission over an order under the Interstate Commerce Act and a determination under the Railway Labor, Railroad Retirement and Carriers' Taxing Acts.

While we think that such jurisdiction should be sparingly exercised when reopening is contemplated after a considerable lapse of time, it does appear in this case that the facts amply justify the Commission's action. It is clear from the record that the evidence upon which the original report was based was very incomplete and inadequate, in the absence of any opposition to the contentions of the North Shore. Hence we agree with the holding of the District Court that, "the Commis-

sion, if it concluded that its original determination was erroneous, had the power to correct its error."

The challenge to the correctness of the Commission's determination is two-fold. Appellant contends that it is erroneous in view of the evidence in the cause, and also in view of the earlier decision of the court, relating to the same road, affirmed by the Supreme Court in United States v. Chicago, N. S. & M. R. Co., 288 U.S. 1, 53 S.Ct. 245, 77 L.Ed. 583.

■ We are convinced that there was substantial evidence of the character described and held sufficient to support the finding of the Commission that the road was not eligible to exemption within the terms of the applicable statutes in the cases, Piedmont & Northern Ry. Co. v. Commission, 286 U.S. 299, 52 S.Ct. 541, 76 L. Ed. 1115; Shields v. Utah Idaho R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111; Texas Electric Ry. Co. v. Eastus, D.C., 25 F.Supp. 825, affirmed without opinion, 308 U.S. 512, 60 S.Ct. 134, 84 L.Ed. 437, on the authority of a number of cases. We deem it unnecessary to restate the evidence here, in view of the fact that the determination of the Commission is binding if supported by substantial evidence, and not to be overruled unless arbitrary and capricious. Chicago, S. S. and S. B. R. R. Co. v. Fleming, 7 Cir., 109 F.2d 419, and cases there cited.

■ Was the Commission bound by the decision of the Supreme Court affirming the holding of the District Court that the North Shore was "an independently operated electric interurban railway expressly excepted from the requirements of the section [49 U.S.C. § 20a, 49 U.S.C.A. § 20a]." United States v. Chicago North Shore R. Co., 288 U.S. 1, 53 S.Ct. 245, 246, 77 L.Ed. 583. It appears obvious from a reading of that decision that the Court, while entertaining serious doubts of the correctness of the determination if presented as a matter of first impression, was moved by equitable considerations to resolve that doubt in favor of the lower court decision under the facts presented. The facts were that, in 1931, eleven years after the enactment of § 20a, the Attorney General of the United States upon the request of the Commission sued to enjoin the North Shore from issuing any securities without first obtaining the authorization of the Commission, as required by § 20a. This section forbade the issuance of any securities by a carrier, excepting from the definition of "carrier" a "street, suburban, or interurban electric railway which is not operated as a part of a general steam railroad system of transportation."

It was shown that during the period following the enactment in 1920, the North Shore had issued over $61,000,000 of securities, about $39,000,000 of which were outstanding in the hands of the public, and would be void if § 20a were held applicable to the road. It was also shown that all of these securities had been approved by the Illinois and Wisconsin Commissions, and that the fact of such approval and issuance pursuant thereto had been duly reported annually to the Interstate Commerce Commission, as also required by § 20a. In reaching its conclusion, the Court said:

"With this knowledge of the situation the Commission never, until it requested the Attorney General to institute the present suit, by word or act intimated that the procedure followed by the railroad was illegal or the state regulatory bodies without jurisdiction. It would be difficult indeed to conceive a clearer case of uniform administrative construction of § 20a as applied to this company. Conceding that the proper classification of the railway is not free from difficulty, all doubt is removed by the application of the rule that settled administrative construction is entitled to great weight and should not be overturned except for cogent reasons. * * *

"The primary responsibility rested upon the Commission to determine whether under the circumstances the railroad was required to procure leave under § 20a for the issuance of securities. Evidently entertaining serious doubts on this question it has for more than a decade resolved them in favor of the carrier, and the company and its officers have acted in reliance on the administrative tribunal's construction of the statute. At this late day the courts ought not to uphold an application of the law contradictory of this settled administrative interpretation."

Under all the circumstances we are of the opinion that the holding of the Court did not bind the Commission as to subsequent determinations, and that the duty imposed upon the Commission by the Acts here involved was to be discharged in a proceeding de novo, and in accordance with all the evidence to be adduced in such proceeding.

Judgment affirmed.