32 C.C.P.A. (Patents)

## In re AMERICAN FORK & HOE CO.

### Patent Appeal No. 4924.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

Frank Slough, of Cleveland, Ohio (Donald A. Gardiner, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from the decision of the Commissioner of Patents, 57 U.S.P.Q. 192, affirming that of the Examiner of trade-marks, denying registration of appellant's trade-mark, which consists of the words "Collie/ King", for use on "Hand Tools, namely Hammers, Hatchets, Axes, Adzes, Broadaxes". The application states that appellant and its predecessors had used said mark since January 22, 1912.

The Examiner of trade-marks refused registration in view of the prior registrations to the Collins Company of three trade-marks. The first consists of the words "R. King" in handwriting—a facsimile signature. The second consists of the following words: "King's Superior Tools, Manufactured From Best Refined Cast Steel, R. King, Canton Conn.", the words "R. King" again being in the same script. The third mark comprises the same words "R. King" in script and, immediately below, the words "Canton Conn." The last-mentioned mark was registered September 3, 1912, while the first and second marks were registered in 1921 and 1926, respectively. All three registrations were made under the so-called ten-year proviso in § 5 (b) of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85 (b), which provides that a mark which might be otherwise unregistrable under the terms of said Act would be entitled to registration if used for ten years prior to the passage of the Act. The three registrations of the Collins Company disclose that one of the marks had been used since 1826 and the other two since 1830.

The Examiner of trade-marks stated that the registrations under the ten-year proviso gave the name "King" in the registered marks a wholly arbitrary significance; that appellant had merely prefixed the word "Collie" to the word "King"; and that there was not a "registrable distinction" between the two marks, citing cases as follows: E-Z Mills, Inc. v. Martin Bros. Co., 95 F.2d 269, 25 C.C.P.A. (Patents) 992, holding similar "Klad-ezee" and "E-Z"; Federal Mill & Elevator Co., Inc. v. Pillsbury Flour Mills Co., 49 F.2d 1042, 18 C.C.P.A. (Patents) 1353, holding similar "Lucky" and "Lucky Strike"; King Kola Mfg. Co. v. Coca-Cola Co., 99 F.2d 983, 26 C.C.P.A. (Patents) 704, holding similar "King Kola" and "Coca-Cola"; and Lever Bros. Co. v. The Sitroux Co., 109 F.2d 445, 27 C.C.P.A. (Patents) 858, holding similar "Lux" and "Sit-Ru-Lux".

The commissioner approved of the action on the part of the examiner and stated:

"'King' and 'King's' as employed in these registrations are, of course, surnames, while applicant's mark as a whole has no such significance. However, 'significance of marks is not the only factor to be considered, for appearance and sound are equally important.' Kroger Grocery & Baking Co. v. Blue Earth Canning Co., 88 F.2d 725, 24 C.C.P.A. (Patents) 1098. The word 'King' is a prominent feature of applicant's mark, and in view of the identity of the merchandise involved renders the mark as a whole too nearly similar to each of the registered marks to be used in trade without likelihood of confusion. Applicant claims to have used this mark for many years, and asserts that no confusion has occurred. But the statute prohibits the registration of marks that are 'likely to cause confusion or mistake in the mind of the public or to deceive purchasers,' and the absence of actual confusion is not controlling.

"While I think the examiner correctly decided the case, there are two other reasons, to which he has made no reference, why the application as presented must be rejected. One is that the labels filed to 'show the trade-mark as actually used upon the goods' indicate that the mark is used by The American Axe & Tool Co., Inc., rather than by applicant. The other is that the mark borne by these labels differs in several respects from the mark shown on the drawing."

It is our view that the commissioner reached the right conclusion and correctly stated the law. In view of our conclusion that the application for registration was properly denied by reason of the fact that some of the goods of the parties are identical, to wit, axes, and that the trade-marks are so similar that in their concurrent use there would be a likelihood of confusing the purchasing public as to ownership and origin of the goods, it will not be necessary to pass upon the two additional reasons (relating to the character of labels filed with the application) which the commissioner gave for not allowing registration.

In this court appellant argues, in effect, that its mark "Collie King" suggests the

512

idea of a certain breed of dog, while the marks of the registrant are almost exclusively concerned with the name of an individual; that trade-marks such as those of the registrant should be "subject to a much more restricted appropriation than had the marks been purely fictitious in character and original in concept", citing Wm. A. Rogers, Ltd. v. International Silver Co., 30 App.D.C. 97, and Thaddeus Davids Co. v. Davids, 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046.

On this phase of the case, it is sufficient to say that regardless of whether name trade-marks carry with them a restricted appropriation right, it does not change the mandate of the statute that it shall be the duty of the Commissioner of Patents to deny registration to applicants whose marks "so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers."

It is a queer coincidence, not explained in the record or briefs, just why appellant and its predecessors in business should have chosen as a trade-mark for axes, the term "Collie King". It is significant that "King"—the most important trade-mark feature of the registered marks—should be prefixed by the word "Collie", in view of the fact that the three registered marks are owned by the very old corporation, the Collins Company.

Appellant argues further that since there is such a difference in meaning between the marks involved here and a lack of similarity in the appearance, there would be no probability of confusion resulting from the concurrent use of the marks; that "In Applicant's case, only an extremely careful analysis of its mark and of Registrant's marks could disclose a similarity. *Its difference is at once apparent.* Any similarity must be sought out and detected." [Italics quoted.]

The difference in meaning of competing marks, under circumstances like those at bar, is not the controlling factor. It is a consideration which should not be ignored, but even though there is a difference of meaning, this fact is not controlling if, in other respects, the marks have such similarity as to produce the result which Congress intended to avoid. Kroger Grocery & Baking Co. v. Blue Earth Canning Co., 88 F.2d 725, 24 C.C.P.A. (Patents) 1098. In that case it was stated that the significance of marks is not the only factor to be considered, and that appearance and sound are equally important.

The appearance and sound in this instance are controlling factors. While there is a difference in appearance between applicant's mark and the registered marks, the term in commerce which would ordinarily be applied to the axes upon which the marks of the respective parties are used would be a "King ax", a "Collie King ax", or an "R. King ax". The term "King" in both instances sounds alike; and the marks resemble each other, although the words of the applicant are in printed capitals, while those of the registrant are in script.

For the reasons stated we conclude that the commissioner properly affirmed the action of the examiner in denying registration of appellant's mark, and his decision so doing is affirmed.

Affirmed.