TAYLOR et al. v. MARZALL, Commissioner of Patents.

No. 11141.

United States Court of Appeals District of Columbia Circuit.

Argued March 26, 1952.

Decided April 17, 1952.

Edmund C. Rogers, St. Louis, Mo., and Leonard L. Kalish, Philadelphia, Pa., with

whom Albert H. Kirchner, Washington, D. C., was on the brief, for appellants.

William Wallace Cochran, Washington, D. C., also entered an appearance for appellants.

E. L. Reynolds, Sol., U. S. Patent Office, Washington, D. C., for appellee.

Before EDGERTON, BAZELON, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Taylor was the successful party in a Patent Office interference proceeding involving one Josserand. Josserand appealed to the Court of Customs and Patent Appeals. That court reversed the Patent Office. Josserand v. Taylor, 138 F. 2d 58, 31 C.C.P.A., Patents, 709. Taylor afterwards filed in that court a petition, based on newly discovered evidence, which the court said was "in effect a bill of review or an application for leave to file a bill of review in the Patent Office, it being claimed that the party Josserand perpetrated a fraud upon this court in the interference proceeding in which priority of the invention, defined by the count in issue, was awarded to him." Josserand v. Taylor, 159 F.2d 249–250, 34 C.C.P.A., Patents, 824. The Court of Customs and Patent Appeals found that Taylor had failed to show "that any fraud was committed by appellant Josserand as to any material issue" in the interference proceeding. 159 F.2d at page 256. Accordingly the court denied Taylor's petition.

Taylor filed amended claims in the Patent Office. These claims are plainly not patentable over the claims involved in the interference proceeding, and were rejected. The Patent Office refused to consider the evidence of fraud offered by Taylor. The District Court dismissed, on the ground of res judicata, appellant's bill in equity subsequently brought under R.S. § 4915, 35 U.S. C.A. § 63, to obtain a patent on the amended claims. We think the court was clearly right.

Josserand's appeal to the Court of Customs and Patent Appeals was taken under R.S. § 4911, 35 U.S.C.A. § 59a. By the express terms of that section that appeal would have been dismissed if the appellee there, appellant here, had elected "to have all further proceedings conducted as provided in section 63 of this title", i. e. by a bill in equity in the District Court. By not doing that, the present appellant chose to have the dispute between him and Josserand settled in the forum that Josserand had chosen, which was the Court of Customs and Patent Appeals. It is now too late to choose the District Court. The appellant says that the Court of Customs and Patent Appeals, despite its broad language which we have quoted above, could not consider "intrinsic fraud". However that may be, that court's original decision in Josserand's favor remains in effect. And "the decision of the Court of Customs and Patent Appeals, after submission of the case to it without protest, is conclusive as to all the matters adjudicated by it." Chase v. Coe, 74 App.D.C. 152, 154, 122 F.2d 198, 200.

Affirmed.