**WESTGATE–SUN HARBOR CO. v. WATSON, Commissioner of Patents.**

No. 11309.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1952.

Decided June 18, 1953.

Mr. William G. MacKay, Washington, D. C., with whom Mr. Charles R. Allen, Washington, D. C., was on the brief, for appellant. Mr. Charles R. Allen, Jr., Washington, D. C., also entered an appearance for appellant.

Mr. Joseph Schimmel, Attorney, United States Patent Office, Washington, D. C., with whom Mr. E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing the complaint in an action instituted for the purpose of securing registration of appellant's trademark "Breast-O'-Chicken" for canned tuna fish.

For a proper understanding of the issues, a brief recital of the facts and a chronological resume of past proceedings are necessary.

In 1926, appellant's predecessor in interest, the Westgate Sea Products Co.,[1] filed an application for registration of the trademark "Breast-O'-Chicken" under the Trade-Mark Act of 1905.[2] That application was opposed by Van Camp Sea Food Co.[3] on the basis of prior registration of its mark "Chicken of the Sea." In 1927, before the Patent Office had taken final action on Westgate's application, Van Camp brought an infringement suit against Westgate in the District Court but the Court of Appeals for the Ninth Circuit affirmed a dismissal of that action on the grounds that the two marks were "similar neither in appearance nor in sound" and that Van Camp's mark was descriptive.[4] The Patent Office thereupon dismissed the opposition proceedings and granted Westgate's 1926 application for registration,[5] but the Court of Customs and Patent Appeals, upon concluding that descriptiveness of Van Camp's mark was the primary holding of the Ninth Circuit Court, determined that it had the power to rule anew on the issue of confusing similarity—at least in so far as it related to registration (as distinguished from infringement)—reversed the Patent Office, and held that Westgate was not entitled to registration because "Breast-O'-Chicken" was so similar to "Chicken of the Sea" that "the use by [Westgate] of its trade-mark concurrently with the use by [Van Camp] of its trade-mark would cause confusion in the mind of the public * * *."[6] Meanwhile, Van Camp had initiated a second infringement suit against Westgate in the Ninth Circuit and again judgment in favor of Westgate was affirmed by the Court of Appeals.[7] That decision was based squarely upon the proposition that Van Camp's mark was descriptive and therefore not entitled to protection from infringement. Confusing similarity was not mentioned by the court.

Finally, in 1948, after enactment of the Trade-Mark Act of 1946,[8] commonly known as the Lanham Act, Westgate filed the present application for registration of "Breast-O'-Chicken" under section 2(d) of the 1946 statute. The Patent Office ruled that while

1. Since there is no material difference between the rights of appellant and those of its predecessor both will subsequently be referred to as Westgate.

2. 33 Stat. 724 et seq. (1905), 15 U.S.C.A. § 81 et seq.

3. Hereinafter referred to as Van Camp.

4. Van Camp Sea Food Co. v. Westgate Sea Products Co., 9 Cir., 1928, 28 F.2d 957, certiorari denied, 1929, 279 U.S. 841, 49 S.Ct. 263, 73 L.Ed. 987.

5. Van Camp Sea Food Co. v. Westgate Sea Products Co., 3 Pat.Q. 205 (1929).

6. Van Camp Sea Food Co. v. Westgate Sea Products Co., 1931, 48 F.2d 950, 952, 18 C.C.P.A.,Patents, 1311.

7. Van Camp Sea Food Co. v. Cohn-Hopkins, 9 Cir., 1932, 56 F.2d 797.

8. 60 Stat. 427 et seq. (1946), 15 U.S.C.A. § 1051 et seq.

technically it was perhaps not bound by the 1931 C.C.P.A. decision, the determination made then that the two marks were confusingly similar was at least persuasive, and it refused to register Westgate's mark. The District Court held that res judicata actually precluded a redetermination of the issue of similarity on the merits, struck the evidence submitted on that point and dismissed the action. This appeal followed.

Appellant urges that the Patent Office erred and that the District Court misapplied the doctrine of res judicata when it failed to follow the two Ninth Circuit decisions on confusing similarity and relied instead upon the C.C.P.A. adjudication of that issue. But confusing similarity—or the lack thereof—was not even referred to in the second Ninth Circuit decision, and it was neither the ratio decidendi of nor necessary to the first decision, for the principal holding there, too, was descriptiveness. The C.C.P.A. so interpreted the decision and that interpretation takes on added plausibility from the fact that the Court of Appeals for the Ninth Circuit entirely discarded the similarity theory when it had another chance to pass upon the issues in 1932.[9]

■ In any event, the Circuit Court of Appeals never decided, never purported to decide, and had no power or jurisdiction to decide, that Westgate was entitled to register its mark. Under the statute, the duties of the C.C.P.A. in reviewing decisions of the Commissioner of Patents are quite different from those of the District Court or Circuit Court of Appeals in infringement actions. The jurisdiction of the former involves the question of the right to register, while the jurisdiction of the latter involves the right to use.[10] Here, the Court of Appeals simply ruled in an interference proceeding that Van Camp could not compel Westgate to stop using its mark, and that ruling stands. Equally efficacious and binding is the C.C.P.A. decision that "Breast-O'-Chicken" may not be registered.

■ We realize that these decisions create a somewhat anomalous situation, in that Westgate's mark is available for use but not for registration. But Congress provided for final adjudication of each of these issues by a different administrative and judicial process and the statutory scheme so prescribed may not be superseded by decisions in litigation over related but dissimilar questions.[11] Consequently, the Patent Appeals Court did not err in failing to follow the decisions rendered in the Ninth Circuit,[12] and neither did the District Court when it ruled in this proceeding that those decisions have no effect upon the issues before the Patent Office and the courts in the present phase of the case.

The second principal issue raised by appellant relates to certain changes which are alleged to have intervened since the C.C.P.A. decision. We therefore must consider whether a change of such magnitude occurred in the law, in the applicable procedure, or in the facts and circumstances of the case during the period elapsed since the C.C.P.A. decision, as to make possible a readjudication on the merits of the issues adjudicated at that time.

■ Section 5(b) of the Trade-Mark Act of 1905, as amended,[13] which was in effect when the C.C.P.A. decided against Westgate, prohibited registration of marks "which so nearly resemble a registered or known trade-mark * * * appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to

9. And referring to its earlier decision, the Court of Appeals said that "[w]e there held that 'Breast-O'-Chicken' did not infringe the trade-mark 'Chicken of the Sea' for the reason that the word 'chicken' * * * was descriptive". 56 F.2d at page 797. Derenberg, Trade Mark Protection, § 61, p. 693 (1936 ed.) comes to the same conclusion.

10. Van Camp Sea Food Co. v. Alexander B. Stewart Org., 1931, 50 F.2d 976, 18 C.C.P.A.,Patents, 1415; Alumatone Corp. v. Vita-Var Corp., 1950, 183 F.2d 612, 37 C.C.P.A.,Patents, 1151.

11. Compare Denver Bldg., & Const. Tr. C. v. N. L. R. B., 1950, 87 U.S.App.D.C. 293, 298, 186 F.2d 326, reversed on other grounds, 1951, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284.

12. See Van Camp Sea Food Co. v. Alexander B. Stewart Org., supra, note 10.

13. 33 Stat. 725 (1905) as amended, 15 U. S.C.A. § 85(b).

deceive purchasers * * *." Section 2 (d) of the Lanham Act,[14] under which the present action was brought, provides that there shall be no registration of any mark "which so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States * * * as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers * * *." The slight difference in wording does not change the test of confusing similarity with respect to marks on goods of the same descriptive properties and no new right is created by § 2(d) as to confusingly similar marks of such character. They are not registrable. Unless the intervening change in the law is material—and with respect to the sections here relevant it is not—it cannot prevent a final adjudication of an issue in an earlier proceeding from being conclusive upon the courts in any subsequent action.

Westgate urges to the contrary that procedures now in effect differ from those applicable when the earlier case was decided and suggests that res judicata should not be applied because of that difference. While there is a considerable variance between the 1905 and the 1946 registration procedures, that variance again is not of such substantial and material character as to preclude application of the doctrine. Under § 9 of the Act of 1905,[15] the dissatisfied party in a registration proceeding (Van Camp) had the right to appeal to the C.C.P.A.; but if any party, including the would-be registrant (Westgate), elected to proceed in the District Court by a bill in equity under Rev.Stat. § 4915,[16] then dismissal of the C.C.P.A. proceedings became

mandatory [17] and the issue of registrability was decided *de novo* by the District Court. Westgate failed to so elect and as a result the decision of the C.C.P.A. became a final adjudication of the issue. We held in Hemphill Co. v. Coe,[18] that "the remedies [provided by the equity action and the C.C.P.A. proceeding] are alternative and mutually exclusive" and that "[t]he remedy elected is conclusive of the issues raised and of those which might have been raised." [19] Also, the finality and binding character of the earlier decision is not impaired merely because the 1931 decision was made following an *inter partes* proceeding (interference action by Van Camp pursuant to § 6 of the 1905 statute) [20] whereas on the 1948 application the Patent Office denied registration by the *ex parte* method authorized by § 12(b) of the Lanham Act.[21] The issue in both cases was the same; all the parties required by the statute to be before the Patent Office or the particular court were, in fact, represented in each case; and the method or procedure prescribed for final determination of the right to registration was pursued. The difference in procedure was purely nominal and cannot, therefore, prevent res judicata from being a bar to the second proceeding.[22]

As for any possible change in the facts or circumstances, we are not certain that the issue is properly before this court, for appellant failed to object when Judge Letts struck the evidence introduced for the purpose of proving that there had been no actual confusion between the two marks. But to dispel any doubt as to our view, we discuss this matter briefly.

14. 60 Stat. 428 (1946), 15 U.S.C.A. § 1052(d).

15. 33 Stat. 727 (1905), as amended by § 2(b) of the Act of March 2, 1929, 45 Stat. 1476 (1929), 15 U.S.C.A. § 89.

16. As amended, 35 U.S.C.A. § 63.

17. Rev.Stat. § 4911 (1875), as amended, 35 U.S.C.A. § 59a (1946).

18. 1941, 74 App.D.C. 123, 124, 121 F.2d 897, 898, and see cases there cited.

19. The principles of Hemphill Co. v. Coe,

a patent case, are applicable to trademark cases as well.

20. 33 Stat. 726 (1905), as amended, 15 U.S.C.A. § 86.

21. 60 Stat. 432 (1946), 15 U.S.C.A. § 1062 (b).

22. Compare Sunshine Coal Co. v. Adkins, 1940, 310 U.S. 381, 402, 60 S.Ct. 907, 84 L.Ed. 1263. And compare, generally, Southern Pacific Railroad v. United States, 1897, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355.

In 1931, when the C.C.P.A. reversed the Patent Office, "Breast-O'-Chicken" had already been in use for some five years concurrently with "Chicken of the Sea". It is not probable that the Patent Appeals Court simply disregarded that factual experience or that it based its decision solely on a comparison of the marks themselves.[23] No useful purpose would be served by permitting the reopening of a case after twenty-two years on the ground that there was no confusion during that period if a competent tribunal had previously determined —either because of the intrinsic similarity of the marks or based on the factor of five years' actual experience or both—that concurrent use of the marks was likely to cause confusion in the public mind. That is true particularly in view of the fact that the absence of actual confusion, even over long periods of time, has "very little probative force",[24] and "is not a controlling factor".[25]

 The conclusive effect of a judicial determination of the ultimate fact of confusing similarity should not be disturbed simply because some evidentiary facts from which the ultimate facts might have been inferred had not been considered or had been unavailable in the former proceeding.[26] Otherwise, cases of this type could be reopened again and again, whenever a party collected some more evidence with which to attack and undermine the earlier ruling. Here, as in other fields of law, there must some time be an end to litigation, not only in the interest of the adverse party who should not be vexed twice or thrice or even more times for the same cause, but also in the interest of the state in settled law and legal relations and that of courts and litigants in an orderly judicial process which would be seriously jeopardized by unnecessary overcrowding of already crowded dockets.[27]

We have considered the other points raised by appellant and we find no error. Our decision, however, is without prejudice to any application for concurrent registration under § 2(d) which appellant might wish to file in the Patent Office.

Affirmed.

FAHY, Circuit Judge (dissenting).

I agree with all the reasons stated by Judge CLARK, except one, as to why the 1931 decision in Van Camp Sea Food Co., Inc. v. Westgate Sea Products Co., 1931, 18 C.C.P.A. 1311, 48 F.2d 950, is res judicata of the present case.[1] The one disagreement leads me to conclude res judicata does not apply. The 1931 decision was rendered on the basis of a comparison of the marks themselves and the opinion of several witnesses that the use of "Breast-O'-Chicken" would cause confusion in the trade. The mark had not been long in use when the

---

23. The court said at page 952 of 48 F.2d: " * * * considering the similarity of the marks *and other facts and circumstances* of record, it would seem to be clear that the use by appellee of its trade-mark concurrently with the use by appellant of its trade-mark would cause confusion in the mind of the public * * *." (Emphasis supplied.)

24. Hygienic Products Co. v. Huntington Laboratories, 1943, 139 F.2d 508, 512, 31 C.C.P.A.,Patents, 773.

25. Celanese Corp. v. E. I. Du Pont, 1946, 154 F.2d 146, 147, 33 C.C.P.A.,Patents, 948. See also, In re American Fork & Hoe Co., 1944, 146 F.2d 510, 32 C.C.P. A.,Patents, 771.

26. Compare In re Barratt's Appeal, 14 App.D.C. 255, sub nom. Barratt v. Duell, 1899 C.D. 320 (1899); Taylor v. Marzall, 1952, 90 U.S.App.D.C. 350, 196 F. 2d 592; Hemphill Co. v. Coe, supra.

27. See Commissioner v. Sunnen, 1948, 333 U.S. 591, 596, 68 S.Ct. 715, 92 L.Ed. 898.

1. I agree with the position taken by the Commissioner of Patents in this court that dismissal of the complaint below was on the ground of res judicata, notwithstanding some ambiguity due to the fact that the court found and concluded that the mark "Breast-O'-Chicken" so nearly resembled the registered mark "Chicken of the Sea" as to be likely to cause confusion or to deceive purchasers. The court in the end struck out the evidence tentatively received on these subjects, ruling such evidence immaterial because of res judicata. Accordingly, the finding and conclusion of confusion are to be construed as based on the court's decision that the issue had been adjudicated.

record was made on which the 1931 decision was based. The present application came before the court below more than twenty years later. Evidence was then offered of widespread use of the mark during the intervening years without confusion in the trade with the Van Camp mark. In a formal sense the issue in 1931 and now may be stated in like language, namely, whether the mark so resembled the one registered as to be likely to cause confusion or to deceive purchasers; but the issue thus stated, turning on the question of likelihood of confusion or deception, is not in 1951 the same as it was in 1931. The situation is analogous to that described in John Morrell & Co. v. Doyle, 7 Cir., 97 F. 2d 232, 234, certiorari denied, 1938, 305 U. S. 643, 59 S.Ct. 146, 83 L.Ed. 415, a trademark infringement case, where a prior decision of the Court of Customs and Patent Appeals as to the likelihood of confusion due to similarity of marks was described as

"* * * nothing more than an opinion, the accuracy of which only the future might reveal. It was not a determination of an existing or passed fact or event, but was of a speculative nature as to what was likely to subsequently occur. The issue here is not what may occur, but what has actually taken place * * *"

That case involved the right to use a mark, not to register it, as here, but the thinking of the court seems pertinent to the present problem. The purpose of res judicata, see Commissioner v. Sunnen, 1948, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898, is rendered no disservice by holding the doctrine inapplicable in the unique circumstances here presented, and where the "significant facts" have changed. 333 U.S. at page 599, 68 S.Ct. 715. Recurring litigation over the right to register the same mark, with no significant difference in the issues, must of course be avoided; and the mere availability at a later period of additional evidence is not enough to reopen a question adjudicated. But something more is here present. The public policy of those principles of the trade-mark law which are now before us is a continuing one requiring current administration. Current application of those principles calls for consideration of evidence of experience in the trade for the preceding twenty years, insofar as material to the question of confusion. I do not intimate how the question should be decided, only that it was open for decision notwithstanding the 1931 adjudication of the Court of Customs and Patent Appeals. If likelihood of confusion should now be found registration would not be authorized. On the other hand if such likelihood were not found no injury would be entailed by registration. The policy of the statute in either event would be furthered.

The case is distinguishable on its controlling facts from Hemphill Co. v. Coe, 1941, 74 App.D.C. 123, 121 F.2d 897. Such cases as Chase v. Coe, 1941, 74 App.D.C. 152, 122 F.2d 198, and Taylor v. Marzall, 1952, 90 U.S.App.D.C. 350, 196 F.2d 592, where a decision of the District Court was sought in the same case after resort to the Court of Customs and Patent Appeals, are not in point. Of closer application is the reasoning in Sprague v. Woll, 7 Cir., 122 F.2d 128, certiorari denied, 1941, 314 U.S. 669, 62 S.Ct. 131, 86 L.Ed. 535. There the Interstate Commerce Commission had held that a certain interurban railroad line was not part of a general railroad system, an important holding bearing on the railroad's obligations under the Railway Labor Act, 45 U.S.C.A. § 51 et seq. This decision was upheld by the Supreme Court. Thereafter the question was reopened by the Commission and decided differently. On review the Court of Appeals held that the Commission was not bound by the earlier decision of the Supreme Court. It followed that the reviewing court also was not bound.

In my opinion the appellant, plaintiff below, was not barred from a hearing and decision on the merits, that is, on the question of likelihood of confusion, notwithstanding the 1931 decision of the Court of Customs and Patent Appeals in Van Camp Sea Food Co., Inc. v. Westgate Sea Products Co., supra. I would reverse and remand.