James R. THORNTON, Administrator d. b. n., c. t. a. of the Estate of Joseph Foller, late of Baltimore City, Deceased, et al., Appellants,

v.

The LITTLE SISTERS OF THE POOR, a District of Columbia charitable corporation, et al., Appellees.

No. 11008.

District of Columbia Court of Appeals.

Argued Feb. 15, 1977.

Decided Dec. 6, 1977.

Samuel A. Culotta, Baltimore, Md., of the bar of the State of Maryland, pro hac vice, by special leave of the court, with whom Frank W. Marsalek, Washington, D. C., was on the brief, for appellants.

David J. Hensler, Washington, D. C., with whom Suzanne Donnelly Kitchings, Washington, D. C., was on the brief, for appellee Little Sisters of the Poor, and Ross O'Donoghue, Washington, D. C., was on the brief, for appellees St. Joseph's Home and School and Associated Catholic Charities.

Alan R. Swendiman, Washington, D. C., with whom Benjamin W. Dulany, Washington, D. C., was on the brief, for appellee Lawyers Title Insurance Corporation.

Before KELLY, NEBEKER and MACK, Associate Judges.

PER CURIAM:

This is an appeal from the dismissal by the Superior Court of a civil action instituted by the Administrators and Trustees of the estate of Joseph Foller, deceased, and Katherine Rohleder, deceased, against the Little Sisters of the Poor, St. Joseph's Home and School, and Lawyers Title Insurance Company.

The case arose out of the condemnation of a parcel of land instituted in June of 1971 when the District of Columbia Redevelopment Land Agency (the Agency) filed a Complaint in Condemnation and Declaration of Taking with the United States District Court. To ascertain the property's ownership, the Agency in May of 1969 contracted to obtain a title report on the property from Lawyers Title Insurance Company. The title report, completed in January 1971, disclosed that the Little Sisters and St. Joseph's each held a one-quarter interest in the property to be condemned, and that the remaining one-half interest was vested in the heirs and devisees of Joseph Foller and Katherine Rohleder. This report was mailed to the Agency on January 10, 1973.

Since the identity and addresses of the various heirs and devisees could not be ascertained from the Land Records, the Agency gave notice by publication as provided by Rule 71A(d)(3) of the Federal Rules of Civil Procedure. In addition, the Agency made an independent investigation in an attempt to locate persons with an interest in the property. Although as a result of this investigation some of the interested parties also received actual notice of the proceedings, none of them filed an answer to the Declaration of Taking. At the just compensation hearing on January 26, 1973, the United States District Court ordered payment of $10,462.50 each to the Little Sisters and St. Joseph's based on the one-quarter interest each was shown to have by the title report. On February 7, 1973, Lawyers Title received the checks from the clerk of court, and subsequently turned them over to the two charities. In May and again in September of 1975, the Administrators and Trustees filed motions to set aside the distribution orders. Both motions were denied, and the denials upheld by the United States Court of Appeals for the District of Columbia Circuit.

Alleging that the Little Sisters and St. Joseph's had no interest in the property condemned, the Administrators and Trustees then sued in Superior Court to recover from them the amount received from the condemnation award, and sued Lawyers Title for negligence in its examination of the title. The Superior Court dismissed the claims against the Little Sisters and St. Joseph's as barred by the doctrine of *res judicata*, and because the complaint failed to state a claim upon which relief could be granted. The court dismissed the claim against Lawyer's Title on the ground that it was barred by the applicable Statute of Limitations.

## I.

■ It is settled that *res judicata* is a complete bar to subsequent actions between parties involving the same claim or demand, and prevents the consideration not only of those issues which were litigated but also those which might have been litigated in the first action. *Taylor v. England,* D.C. App., 213 A.2d 821 (1965).[1] The doctrine of *res judicata* is equally applicable to condemnation proceedings. *Annat v. Beard,* 277 F.2d 554 (5th Cir. 1960); *Bullen v. De Bretteville,* 239 F.2d 824 (9th Cir. 1957). Yet here the principal issue which the Administrators and Trustees sought to litigate in Superior Court, that is, the right of the Little Sisters and St. Joseph's to one-quarter interests in the condemnation award, was the very issue decided by the district court in *District of Columbia Redevelopment Land Agency v. Seven Parcels of Land,* No. 1278–71 (D.C.D.C., July 15, 1975), *aff'd,* 176 U.S.App.D.C. 240, 539 F.2d 242 (1976), involving the same property.

The Administrators and Trustees seek to avoid the operation of the doctrine by claiming that *res judicata* may not apply because their notice was defective. This contention is without merit. In determining this point the district court judge stated in his memorandum and order denying the motion for relief from the judgment that

> *It appears that prior to the just compensation proceeding full and adequate notice to all "unknown owners" was given by publication,* F.R.Civ.P. 71A(d)(3)(ii). *There was also actual notice to many of the Foller and Rohleder heirs.* None responded. Assuming, without deciding, that the administrators of these long-dormant estates have standing—which is highly questionable since under the law of Maryland prior to 1969 realty generally appears not to have been part of the estate subject to probate, . . . the motion must nevertheless fail. No basis exists for reopening a final judgment where *movants had ample notice,* slept on their rights for more than a year and failed to present any evidence of extrinsic fraud. (Emphasis added.)

Furthermore, these considerations were upheld on appeal.

■ There must at some time come an end to litigation, not only for the sake of the adverse party who should not be vexed again with the same cause, but also in the interest of the state in settled law and legal relations, and the interest of the court and litigants in an orderly judicial process. *Westgate-Sun Harbor Co. v. Watson,* 92 U.S.App.D.C. 341, 206 F.2d 458 (1952); *Spilker v. Hankin,* 88 U.S.App.D.C. 206, 188 F.2d 35 (1951). Since the issues raised by the appellants here have already been determined and reviewed in federal court, they should not now be allowed to relitigate those same issues.

## II.

The claim against Lawyers Title for negligence in its preparation of a title report was also properly dismissed, as appellants have no cause of action against that company.

■ It is generally held that one employed to examine titles to real estate assumes the responsibility of discharging that duty with a reasonable degree of skill and care. For the negligent performance of the undertaking, he is liable to his employer. Though sounding in tort, the liability of the abstractor is in reality contractual, resting on his employment agreement. *Long v. American Savings and Loan Ass'n,* D.C. Mun.App., 151 A.2d 770 (1959). A thorough treatment of the general rule is given in the leading case of *Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441 (1931), cited by this court in *Long, supra,* where Justice Cardozo, writing for the court, held that the duty of one in the business of supplying information to exercise reasonable care does not extend to persons beyond his employer. In the absence of fraud or collusion, his liability for damages resulting from a mistake is "bounded by the contract and is to be enforced between the parties

---

1. *See also Emmco Ins. Co. v. Brown,* D.C.Mun. App., 178 A.2d 429, 431–32 (1962); *Tutt v.* *Doby,* 148 U.S.App.D.C. 171, 173, 459 F.2d 1195, 1197 (1972).

by whom the contract has been made." *Id.* 255 N.Y. 188, 174 N.E. at 448. In discussing the scope of liability Prosser states that ". . . mere reasonable anticipation that the statement will be communicated to others, or even knowledge that the recipient intends to make a commercial use of it in dealing with unspecified strangers, is not sufficient to create a duty of care toward them. Thus attorneys, abstractors of title . . . all have been held to be under no obligation to third parties." Prosser on Torts § 88 at 543–44 (2d ed. 1955).

■ This court has stated that a right of action against a title company for omission to report any legal imperfection in the title of property exists only in favor of the real parties to the employment contract or their privies. *Doonis v. Mutual Title Co.,* D.C. App., 196 A.2d 480 (1964).[2] Here the Administrators and Trustees are neither real parties nor privies to the employment contract between the Agency and Lawyers Title. There would thus appear to be no duty owed to appellants by Lawyers Title to support a claim of negligence.[3] As a result of our conclusion that the appellants have no cause of action against Lawyers Title, we need not reach a determination of the applicability of the Statute of Limitations.

Accordingly, the judgments appealed from are

*Affirmed.*

---

**2.** *See also* 1 C.J.S. *Abstracts of Title* § 11c:

It is a general rule, so thoroughly established it has been said, that it would seem scarcely necessary to cite any cases in support of it, that since the liability of an abstracter for errors, defects, or omissions in an abstract made by him is founded on contract, and not on tort, he is not to be held responsible for injuries or loss occurring to any or every person into whose hands the abstract may subsequently find its way, or who may rely on it to his prejudice, but it is liable only to the person who contracted for the abstract, or by whom the abstractor was employed to make it, or, in other words, those with whom he has privity of contract in preparing and furnishing the abstract; and so,

generally speaking, he sustains no liability to others, even though they act in reliance upon the abstract and suffer injury or loss in so doing. (Footnotes omitted.)

**3.** The record is surprisingly bare of allegations as to the specific nature of Lawyers Title's negligence. Appellants merely contend that it was negligence of some kind that deprived them of the interests paid over to the Little Sisters and St. Joseph's. It is noteworthy in this respect that the Little Sisters and St. Joseph's obtained a second title report from Columbia Real Estate Title Insurance Company which was consistent with the Lawyers Title report.