# IN RE EDISON.

PATENTS; FORMER ADJUDICATION; CLAIMS.

1. An application for a patent is properly rejected by the Commissioner of Patents when its subject-matter is the same as that of a former application of the same party, which was finally rejected, the decision on the first application being conclusive. (Following *Re Barratt*, 14 App. D. C. 255.)

2. Differences in phraseology between claims in an application for a patent, and claims by the same party in a former application which was finally rejected, or any changes merely broadening the rejected claims, do not affect the conclusiveness of the former adjudication. (*Horine* v. *Wende*, 29 App. D. C. 415, and citing *Blackford* v. *Wilder*, 28 App. D. C. 535.)

No. 433. Patent Appeals. Submitted January 16, 1908. Decided February 4, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. Frank L. Dyer* and *Mr. Herbert H. Dyke* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents refusing an application, filed August 1, 1903, for a patent for an improvements in screening plates, having the following claims:

"1. As a new article of manufacture, a screen having openings formed in a plate of minimum thickness, less than the width

of said openings and sufficient only to offer proper support to
the material passed over the same, substantially as and for the
purposes set forth.

"2. As a new article of manufacture, a screen having slots
formed in a plate of minimum thickness, less than the width of
said slots and sufficient only to offer proper support to the ma-
terial passed over the same, substantially as and for the pur-
poses set forth.

"3. As a new article of manufacture, a screen having open-
ings formed in a plate of minimum thickness, less in width
than said openings, sufficient only to offer proper support to the
material passed over the same, and having a case-hardened
screening surface and a malleable central portion, substantially
as and for the purposes set forth."

The record shows that the same applicant [Thomas A. Edi-
son] had filed, on June 29, 1899, an application for the allow-
ance of a patent for an improvement in screening plates, con-
taining the following claims:

"1. As a new article of manufacture, a very thin metal plate
having screening orifices therein of greater width than the thick-
ness of said plate, substantially as set forth.

"2. As a new article of manufacture, a screening plate made
of hardened metal of extreme thinness and with orifices formed
therein of a greater width than the thickness of said plate, sub-
stantially as set forth.

"3. As a new article of manufacture, a metal plate having
a hardened screening surface, but with a malleable central por-
tion, said plate being of extreme thickness and having orifices
formed therein of greater width than the thickness of said
plate, substantially as set forth.

"4. As a new article of manufacture, a screening plate hav-
ing hardened surfaces and a maleable central portion, said
plate having elongated screening orifices formed therein, sub-
stantially as set forth.

"5. As a new article of manufacture, a very thin metal plate
having screening slots therein of greater width than the thick-
ness of said plate, substantially as set forth.

"6. As a new article of manufacture, a screening plate made of hardened metal of extreme thinness, and with slots formed therein of greater width than the thickness of said plate, substantially as set forth.

"7. As a new article of manufacture, a metal plate having a hardened screening surface, but with a malleable central portion, said plate being of extreme thinness and having slots formed therein of greater width than the thickness of said plate, substantially as set forth.

"8. As a new article of manufacture, a screening plate having hardened surfaces and a malleable central portion, said plate having elongated screening slots formed therein, substantially as set forth.

This earlier application was rejected by the Primary Examiner on February 15, 1902, as unpatentable; reference being made to several former patents for screening plates. This decision was affirmed by the Examiners-in-Chief, and on appeal therefrom to the Commissioner their decision was affirmed May 26, 1903. No appeal was prosecuted from that decision.

On September 19, 1905, the Primary Examiner rejected the present application on the ground that the subject-matter was the same as that of the former rejected application, the final determination of which was *res judicata*. His opinion was that the claims 1, 2, and 3 were substantially the same as claims 1, 5, and 3 of the former application. The Examiners-in-Chief affirmed this decision, but, in addition, held that the claims were unpatentable in view of the state of the prior art. The Commissioner confirmed their decision on February 28, 1907, and therefrom this appeal has been taken.

It is unimportant to consider the question of patentability, as we agree with the tribunals of the Patent Office in the opinion that the final decision in the first application is conclusive. *Re Barratt,* 14 App. D. C. 255.

Nor do we consider it necessary or important to compare, and discuss the resemblance between, the claims of the respective applications. This has been carefully done in the several

decisions of record in the Patent Office. Referring thereto and to the respective claims heretofore set out, we think it sufficient to say that we adopt the statement in the Commissioner's decision that: "Claims 1, 2, and 3, which are now presented, differ from claims 1, 5, and 3, respectively, of the earlier application, in phraseology rather than in meaning." Such differences, or any changes merely broadening claims that have been once determined, do not affect the conclusiveness of the former adjudication. *Horine* v. *Wende,* 29 App. D. C. 415, 426. See also *Blackford* v. *Wilder,* 28 App. D. C. 535.

The decision is right, and will be affirmed. It is ordered, and that the clerk certify this decision to the Commissioner of Patents in the manner required by the law.    *Affirmed.*