## In re BECKER.

### Patent Appeal No. 3330.

Court of Customs and Patent Appeals. Jan. 7, 1935.

Hammond & Littell, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 5, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in confection, comprising an edible container composed of chocolate, having a nonedible handle support, and adapted to temporarily retain ice cream or other semiplastic food while the same is being eaten.

The alleged invention is sufficiently described in the involved claims, which, due to the issues here presented, we deem it necessary to set forth. They read:

"1. An edible dispensing container of the described character adapted to temporarily retain a semi-plastic food while the same is being eaten, comprising a confection open topped container made of chocolate mounted and supported upon a non-edible non-softening holder in stick form embedded in the base thereof, the material of the container being reinforced by an increased thickness where the holder is embedded in the base of the container.

"2. A confection and ice cream holder comprising a relatively hard bowl or cup like confection portion made of chocolate having a tapering base, said base being of relatively greater thickness than the body of the confection and rigid and non-edible stick portion secured at one extreme end in said thickened base portion in the process of making.

"3. An edible dispensing container for dispensing a semi-plastic food while the same is being consumed, comprising a dense chocolate open topped container having an enlarged reinforcing base portion and a non-softening, non-edible handle in stick form embedded therein, said chocolate being substantially non-porous, and provided with a glossy surface thereon.

"4. An edible container for ice cream of the class described comprising a pressure molded chocolate cup of very great density, having a glossy, non-porous surface, and an enlarged reinforced base portion adapted to receive a non-edible handle, the confection adapted to support and be eaten with the ice cream.

"5. An edible dispensing container of the kind described to receive food stuffs to be eaten therein, said container being open at the top and having a recessed interior extending from the top to the bottom to form a space for the food stuffs, the bottom of the container being shaped on the exterior to provide a projecting portion of increased thickness and a handle attached to the container by embedment in the thickened part of the bottom."

The references are:

Stuckes, 325,711, September 8, 1885.

Mugrauer et al., 612,806, October 18, 1898.

Hinck, 1,312,325, August 5, 1919.

Winnie, 1,367,848, February 8, 1921.

Becker, 1,617,564, February 15, 1927.

All of the claims were rejected by the Primary Examiner on two grounds: First, that substantially the same subject-matter had been previously considered and held to be unpatentable by the Primary Examiner, the Examiners in Chief, and the Commissioner of Patents in an earlier application filed by appellant, Serial No. 567,388, on the references cited in the present case, and that, therefore, the doctrine of res adjudicata was applicable to the involved claims; second, that the claims were not patentable over the references, and that such advance as appellant had made in the art resided in the method of producing the involved product for which a patent, No. 1,617,564, was issued to appellant on February 15, 1927.

On appeal, the Board of Appeals stated that appellant's involved application is a continuation of an earlier application, Serial No. 567,388, and includes, by reference, appellant's patent No. 1,617,564, an additional disclosure; that the involved claims are narrower than the original claims involved in the earlier application, in that they state that the "edible container" is "made of chocolate"; and that two of them, claims 3 and 4, are further limited by the statement that the "edible containers" are substantially nonporous and have glossy surfaces. The board further stated, however, that during the consideration by the commissioner of the claims in the earlier application, appellant requested that if claim 1 there involved was not considered patentable, the commissioner consider the patentability of that claim as amended by the insertion of the words "made of

chocolate" after the word "container" in line 4; that the commissioner considered the claim, both in its original and amended form, and held that it was unpatentable over the references of record, particularly the patents to Hinck and Winnie, and that as that claim, as amended, is identical with the involved claim 1, the decision of the commissioner is res adjudicata of the issues involved therein; and that as claims 2 and 5 "do not include anything which was not involved in the claims rejected in the earlier application," the commissioner's decision in that case is res adjudicata of the issues raised by those claims.

As appealed claim 3 limits the edible part of the containers defined therein to substantially nonporous chocolate having a glossy surface, and as claim 4 is limited to chocolate containers which are "pressure molded," the chocolate being of "very great density," and having a "glossy non-porous surface," the board held that the commissioner's decision, relative to the claims involved in the earlier application, was not res adjudicata of the issues presented by claims 3 and 4. The board held, however, that those claims were not patentable over the prior art, and affirmed the decision of the Primary Examiner. Concluding its decision, the board said: "It is common to press chocolate bars so as to form a hard, dense, glossy surface and in making a cup out of chocolate for holding ice cream it would be obvious that, in order to obtain sufficient strength and freedom from porosity, it should be pressed in molds like the bars above referred to."

It appears from the record that claim 1 in appellant's earlier application, as amended by the addition of the words "made of chocolate," as requested by appellant, is identical, except as to an immaterial change in punctuation and the spelling of the word "semiplastic," with the involved claim 1, and that appealed claims 2 and 5 are substantially the same as claim 1, as amended, of the earlier application.

■ As no appeal was taken from the decision of the Commissioner of Patents in the earlier application, his decision, although counsel for appellant contends to the contrary, is res adjudicata as to the issues presented in this appeal by claims 1, 2, and 5. In re Barratt's Appeal, 14 App. D. C. 255; In re Edison, 30 App. D. C. 321; Williams Oil-O-Matic Heating Corporation v. Butler Co., 39 F.(2d) 693, 17 C. C. P. A. (Patents) 934; 34 C. J. §§ 1154, et seq.

■ The patent to Stuckes relates to a confection capsule composed of sugar, adapted to be filled with liquids, such as fruit juices, etc.; the capsule and its contents being so proportioned as to make a suitable beverage when dissolved in water.

The patent to Mugrauer et al. relates to an edible dish and spoon composed of candy, designed to be eaten with, or subsequent to the eating of, the contents of the dish, such as ice cream. The patentee stated that the dish might be made of two layers, the outer, of some hard impervious candy, while the inner layer might be composed of chocolate "so that in the process of eating ice-cream from such a plate this material may be eaten therewith."

The patent to Hinck relates to a mold for making "candied sticks," and discloses a relatively hard flat piece of candy applied to one end of a stick. Such confections are familiarly known as lollipops, etc.

The patent to Winnie discloses the well-known ice-cream cone, composed, as stated by the patentee, "of a baked or otherwise prepared edible material" having a bowl, and, as an integral part thereof, a tapered or cone-shaped stem of the same material.

The patent to Becker, the appellant in the case at bar, relates to a method and an apparatus for molding the chocolate containers here involved.

It appears that the application on which the patent to Becker was issued was co-pending with the application of which the one here involved is a continuation, and apparently was cited by the Primary Examiner merely for the purpose of disclosing that appellant had received a patent for a method and an apparatus for producing the product defined in the appealed claims, which, according to the views of the examiner, constituted the advance in the art made by appellant.

In his present application, appellant stated that:

"The molding of chocolate, in which molten chocolate is poured into an open mold is well known. Such chocolate, however, has little mechanical strength, is brittle and porous, having many air bubbles. Attempts have been made to employ such chocolate as a support for ices, ice cream and the like, but these have failed in their object because the chocolate was only sufficiently strong to form a thin coating thereon, and such coating was additionally undesirable as it required the consumer to hold the confection in his fingers, causing the coating to melt and soil the hands. Coverings, such as paper or foil wrappings or ingredients put in the chocolate were also unsatisfactory. It was

also necessary that the chocolate coating be placed on the ice cream at the place of manufacture and necessary to keep the confections very cold to prevent melting.

"In my prior patent No. 1,617,564, issued Feb. 15, 1927, I have described a method and apparatus for molding chocolate confections for receiving ice cream or the like, by which the chocolate is produced in a sufficiently dense strong condition to act as a suitable support for the ice cream and will withstand strains set up at the point of handle attachment and by which the chocolate has a generally improved strength and does not become brittle or porous.

"It is the principal object of this invention *to provide an article of confection produced by the heretofore disclosed process* said article comprising a relatively hard, dense confection of molded chocolate suported [supported] on a non-edible handle and adapted to be filled with a relatively soft confection." (Italics ours.)

It is contended by counsel for appellant that there is no disclosure in any of the references of a container composed of chocolate having a substantially nonporous structure and a glossy surface; that appellant's product is not suggested by the references, and is new, useful, and commercially successful; that it involved something more than a mere substitution of materials; and that it required the use of the inventive faculties to produce it. It is further contended that the Board of Appeals erred in holding that it was a common practice to press "chocolate bars so as to form a hard, dense, glossy surface," and that it would be obvious to press chocolate in molds in order to obtain sufficient strength and freedom from porosity; that the quoted statement by the Board of Appeals is wholly unsupported by the record; and that, as a matter of fact, it was not, prior to appellant's invention for which he received a patent, common to press chocolate bars.

It appears from the affidavit of one Howard S. Baum, dated March 31, 1926, who had been engaged in the manufacture of chocolate confections for forty-five years, that the involved product could not be produced by any method known to the art, prior to the method invented by appellant, patent No. 1,617,564; and that appellant's apparatus and method, as well as the resultant product, were all new to the confectionery art.

It clearly appears from appellant's application that those skilled in the art had attempted to employ chocolate as a container for ices, ice cream, and similar substances,

and that they were not successful because chocolate produced by the then known methods was brittle, porous, and had little mechanical strength. Accordingly, the problem confronting appellant, in view of the references of record, was to devise a method and an apparatus by which a nonporous chocolate, having sufficient mechanical strength, might be produced so that it could be used, as were other materials disclosed in the prior art, as a satisfactory temporary container for ices, ice cream, and similar substances.

Appellant solved the problem by devising the method and the apparatus for which a patent was issued to him, No. 1,617,564, on February 15, 1927. It appears from the involved application that the product defined by the involved claims, 3 and 4, was produced by the process covered by that patent. There is no suggestion in the record that the involved product could be produced by any other process. The presumption is, therefore, that it could not be produced in any other way. Accordingly, so far as the patented process and the claimed product are concerned, there is but one invention. Plummer v. Sargent, 120 U. S. 442, 448, 7 S. Ct. 640, 30 L. Ed. 737. This conclusion is entirely consistent with the decision of the Primary Examiner.

The question whether, as held by the Board of Appeals, it is common to press chocolate bars or chocolate in any other form so as "to form a hard, dense, glossy surface," is not of great importance in view of the fact that the board stated that it did not consider the involved claims patentable over the prior art, and affirmed the decision of the Primary Examiner rejecting claims 3 and 4.

Accordingly, our holding does not amount to a new ground of rejection. In re Wagenhorst, 64 F.(2d) 780, 20 C. C. P. A. (Patents) 991.

We are of opinion that appellant's contribution to the art consisted in molding chocolate under pressure so as to give it the proper and necessary consistency and strength to make it adaptable as a container for ices, ice cream, and similar substances, for which he has already received a patent.

In view of the foregoing considerations, and the references of record, we conclude that claims 5 and 4 are not patentable over the prior art, and that the Patent Office tribunals reached the right conclusion.

The decision of the Board of Appeals is, therefore, affirmed.

Affirmed.