24 C.C.P.A.(Patents)

### In re ELLIS.

**Patent Appeal No. 3757.**

Court of Customs and Patent Appeals.
Dec. 7, 1936.

Sol Shappirio, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant here brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner rejecting five claims, numbered, respectively, 16, 46, 47, 49, and 50 in appellant's application for patent "For a Resinous Complex of the Urea Type." The application was filed February 5, 1930, being serial No. 426,192. A number of claims stand allowed.

The appealed claims are hereinafter set forth in full.

The references relied upon are a patent to appellant No. 1,536,882, issued May 5, 1925, and an abandoned application of appellant, entitled "Laminated Pressboard and Multi-Colored Articles and Process of Making Same," filed October 9, 1924, being serial No. 742,719. This application was prosecuted before all the proper tribunals of the Patent Office, being by them rejected. After the adverse decision of the Board of Appeals, appellant gave notice of, and filed, suit in equity in the Supreme Court of the District of Columbia under R.S. § 4915, as amended (35 U.S.C.A. § 63), but failed to prosecute same. It appears from the record before us that the suit was dismissed "for want of prosecution" May 14, 1934. So, it had become an abandoned application at the time of the Examiner's final decision in this case on October 29, 1934, and is so referred to in the brief and oral argument before us on behalf of appellant.

Claims 16, 49, and 50, as will be seen, relate to articles of manufacture carrying tenacious veneer of urea resins. Claim 46 is limited to the method of treating such veneered articles to render them highly water resistant. Claim 47 is the same as 46 except that it is not limited to "veneered" articles.

As the case comes to us, all the appealed claims stand rejected as presenting nothing patentably different from subject matter rejected as unpatentable in the abandoned application. Specifically, appealed claim 16, according to the Examiner's statement after the appeal to the Board, was compared with and rejected by him upon claim 17 of the abandoned application; appealed claims 46 and 47 were compared with and rejected by him upon claims 18 and 19 of the abandoned application, and appealed claims 49 and 50 were compared with and rejected by him upon claims 20 and 21 of the abandoned application.

Appealed claims 16, 49, and 50 come before us also rejected upon appellant's prior patent 1,536,882. That was the only ground specifically mentioned by the Board as to appealed claim 16, although it did not overrule the other ground applied by the Examiner. Hence, the other ground remains in the case. In re Wagenhorst, 64 F.(2d) 780, 20 C.C.P.A.(Patents) 991. As to claims 49 and 50 the Board applied the

patent as a ground of rejection which ground was in addition to that specifically applied by the Examiner.

As to the ground upon which all the claims stand rejected under the Board's decision (that of lack of patentability over subject matter held unpatentable in the abandoned application), we, for convenience in comparison, here insert the appealed claims and the specified claims of the abandoned application in parallel columns:

is then recited that the claims 46 and 47 were inserted in the present application while it was copending with the abandoned application.

We do not regard the circumstances so related as being of any particular moment, or as creating doubt—the object for which appellant seems to stress them. There is nothing unusual, certainly, about an examiner changing his viewpoint as to the patentability of claims as the prosecution of a

### Appealed Claims.

16. An article of manufacture carrying a tenacious translucent surface veneer of urea resin and cellulose fiber inter-reacted to substantial disappearance of fiber.

46. The process of producing veneered articles of manufacture which comprises applying thereto a molding urea resin composition, heat treating the composition at a temperature of from 100–150° C. to cause setting, and baking the heat set composition until its water resistance is substantially increased.

47. The process of producing water resistant molded urea resin articles which comprises heating a urea resin composition to cause setting, and baking the heat set composition at a temperature lower than that used in the setting operation until the water resistance of the material is substantially increased.

49. An article of manufacture carrying a tenacious veneer of a urea-formaldehyde type condensation product.

50. An article of manufacture carrying a substantially water resistant, tenacious, translucent surface veneer of a urea-formaldehyde type resin.

### Claims of Abandoned Application.

17. A process which comprises impregnating paper with urea formaldehyde material, drying in an oven at 60 to 70°C. for fifteen minutes, and hot pressing the dried material.

18. A molded article of paper and urea formaldehyde material baked at a mild heat to improve its resistance to water.

19. A pressed sheet of paper and urea formaldehyde material baked at 60 to 70° C. for at least half an hour to improve its waterproof quality.

20. A baked, molded article from paper and urea resin.

21. A baked molded article from paper and urea formaldehyde resin.

In the argument and brief before us, on behalf of appellant, emphasis is placed upon the circumstance that during a considerable period, while the application was pending in the Patent Office, the claims on appeal seem to have been regarded by the Examiner as allowable. Also, it is said that the Board of Appeals which passed upon appellant's abandoned application was a different Board, meaning thereby, we presume, that it was composed of a different personnel from that which passed upon the instant application, and that in the decision in the abandoned case the Board there sitting said of product claims 18 and 19 thereof "whatever alleged patentable merits may be found in these claims should be covered by process rather than article claims." It

case progresses, and, so long as the rules of Patent Office practice are duly complied with, an applicant has no legal ground for complaint because of such change in view. Neither does the fact that different persons composed the Boards affect the legal situation, both Boards having been composed of eligible persons.

It is insisted by appellant, however, as point VI in his brief, that: "The Board of Appeals' decision in appellant's abandoned case 742,719 is not res adjudicata because it was not a final decision."

This is especially urged with respect to the effect which the Board's decision upon claims 18 and 19 of the abandoned application should have upon claims 46 and 47 of

the present application. The argument, in substance, seems to be that claims 46 and 47 having been inserted as process claims in the present application while it and the abandoned application were copending, the abandonment of the appeal did not render the Board's decision final as to claims 18 and 19. That is to say, it seems to be appellant's theory that the subject matter of claims 18 and 19 was not finally adjudicated by the Board's decision, under the facts related.

To this contention we are unable to agree. When appellant dismissed his suit in equity as to application 742,719, the decision of the Board became the final decision, so far as appellant was concerned, as to all subject matter actually contained in any of its claims, and appellant is bound thereby. In re Becker, 74 F.(2d) 306, 22 C.C.P.A.(Patents) 843.

Of course, if claims 46 and 47, or any other of the appealed claims, contain subject matter different from the subject matter of the abandoned application, appellant is entitled to have same considered upon its merits, but in order to secure patent therefor it must appear that the difference involves invention. In re Cole, 82 F.(2d) 405, 23 C.C.P.A.(Patents) 1057. The right to have new subject matter considered on its merits is conceded in the brief of the Solicitor for the Patent Office, and it is insisted by appellant, in several points of his brief, in effect, that the claims on appeal do present patentable subject matter not contained in the abandoned application.

Counsel for appellant emphasizes the fact that each of the appealed claims, except No. 47, which "is generic to the treatment of any molded article," is limited to a tenacious veneer, and that the abandoned application did not disclose or claim the production of veneered articles. It is said in his brief:

"While the Patent Office has taken the view that a sheet of paper thoroughly impregnated with urea resin and then hot pressed is the equivalent of a urea resin veneer on an article of manufacture, such view is obviously untenable. Thus comparing veneers on the one hand with laminated paper products on the other, different functions and results are required in the case of veneers as compared with laminated paper. In veneers, the primary requirement of the resin composition is that it possess adhesive quality, so as to enable it, after hot pressing, to remain fixed to the support to which the veneer is attached. In other words, the resin must be capable of producing a bond between itself and the support sufficiently strong to resist stresses which would normally tend to disrupt the joint."

However, appellant's specification in the instant case declares:

"In the same category as lamination are included veneered products made by hot-pressing a facing on a heavier or stiffer backing or support."

The Examiner's statement says:

"It seems obvious to use any composition or sheet of this sort as a veneer as it is common practice to coat articles with compositions of this kind. * * * Furthermore, the urea product impregnated paper of applicant's copending case Serial No. 742,719, would naturally have a urea resin veneer or coating. * * *

"It can hardly be conceded that claim 16 is patentable when all it involves is * * * or the subject matter of claim 17 of applicant's copending case Serial, No. 742,719 which was finally disposed of on appeal."

Other differences are urged by appellant as lending patentability. It is conceded that heat treatment at a temperature below the heat setting operation, shown in claims 46 and 47, for increasing water resistance, was disclosed in the abandoned application, but it is said that the abandoned application contained no *process* claims to that treatment, and it is argued that the process claims now presented are in a "different statutory class of invention" from article claims such as 18 of the abandoned application which requires that the article be "baked at a mild heat to improve its resistance to water." Also, it is pointed out that claim 46 specifies heat treatment at 100 to 150°C. to cause setting, and that claim 47 specifies that the baking of the set composition is at a temperature lower than that used in the setting operation, features which, it is insisted, were lacking in claims 18 and 19 of the abandoned application.

We observe, however, that claim 18 of the abandoned application does require that the article, evidently the set article, be baked at a mild heat, and claim 19 thereof specifies the heat at "60 to 70°C.," while the specification of the abandoned application teaches first molding or setting the article at a temperature of 120 to 130°C., and then baking at a milder temperature, 60 to 70°C. being specifically mentioned.

As to appealed claims 49 and 50, a comparison of them with claims 20 and 21 of the abandoned application discloses no material difference between the products respectively claimed. It is true that the appealed claims relate to a veneer while the abandoned claims relate to a molded article, but this difference we do not regard as involving invention.

Considering the foregoing facts, we are not persuaded that it was error to reject all the appealed claims upon the ground that nothing patentable over the subject matter of the abandoned application is presented, and it is unnecessary for us to consider the rejection of claims 16, 49, and 50 upon appellant's prior patent.

The decision of the Board of Appeals is affirmed.

Affirmed.