306

**LUBRI-ZOL CORPORATION v. KINGSLAND.**

No. 9576.

United States Court of Appeals District of Columbia.

Argued May 4, 1948.

Decided June 15, 1948.

Mr. Oscar C. Limbach, of the Bar of the State of Ohio, of Cleveland, Ohio, pro hac vice, by special leave of court, with whom Mr. Edwin R. Hutchinson, of Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, U. S. Patent Office, of Washington, D. C., with whom Mr. W. W. Cochran, Sol. U. S. Patent Office, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PRETTYMAN and PROCTOR, Associate Justices.

PRETTYMAN, Associate Justice.

This is a chemical patent case. Appellant claimed a patent on a lubricant which consisted of ordinary mineral lubricating oil plus an additive. The dispute concerns the additive.

Appellant made twelve claims as to additives, which it groups in three groups, one describing the additives by the method of manufacture, one describing them by molecular structure, and the other being general in description but specifying a halogen. Generally speaking, the additives described were derivatives of a phosphorous acid.

The Commissioner says that these claims were anticipated by two patents, principally one to inventor Downing. Downing's patent was for a lubricant in which the additives were derivatives of acid phosphorous, and he specifically mentioned dilorol cresyl phosphate and tricresyl phosphate. The Commissioner says that the present claims define no invention over the latter additive and are literally anticipated by the former.

The dispute is not whether the several additives are the same, but whether those mentioned by Downing reasonably anticipated those here claimed, i.e., would lead a person to experiment with them without the exercise of an inventive sense. This is, of course, a question of fact.

Obviously, the dispute is a matter of chemistry and the answer is a matter of chemical fact.

The Examiner and the Board of Appeals twice (once upon appeal and again upon reconsideration) made definite findings that the additives described in the present claims were anticipated by Downing's examples, especially his mention of tricresyl phosphate and dilorol cresyl phosphate.

In the court below one expert witness was presented by appellant, and he described in detail the molecular structure and the process of derivation of the various additives involved. But on cross examination he admitted that dilorol cresyl phos-

phate (mentioned by Downing) is an alkylated aromatic ester of phosphoric acid containing an alkyl group having at least two carbon atoms (the precise description in three of the claims of appellant and closely similar to several of the other claims). Under such circumstances, this court cannot reverse the Patent Office and the District Court on a question of chemical fact.

Affirmed.