40 C.C.P.A. (Patents)
### Application of PRUTTON.
### Patent Appeals No. 5952.

United States Court of Customs and Patent Appeals.
April 15, 1953.

Rehearing Denied May 29, 1953.

292

Oscar C. Limbach and Oberlin & Limbach, Cleveland, Ohio (Arnold B. Christen and Fisher & Christen, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner rejecting claims 1 to 3, 5 to 14 and 21 to 24 of appellant's application, serial No. 2,321, for a patent on a "Lubricating Composition." No claims were allowed.

In his brief appellant withdrew the appeal as to claims 3, 6, 7, 9, 13 and 24, which are directed to a non-elected species. Such withdrawal is treated as a motion to dismiss these claims and the motion is allowed. In re Horneman, 194 F.2d 108, 39 C.C.P.A., Patents, 809. This leaves for our consideration claims 1, 2, 5, 8, 10 to 12, 14 and 21 to 23.

The application at bar is said to be a continuation-in-part of a copending application serial No. 197,732, filed March 23, 1938, which in turn is said to be a continuation-in-part of appellant's then copending application serial No. 760,038, filed December 31, 1934.

The appealed claims relate to a lubricating composition comprising the usual or ordinary mineral oil and containing an addition agent effective under conditions of extreme pressure and effective to inhibit corrosion of metallic surfaces and oxidation and sludging in the oil. These addition agents are alkylated aromatic esters of an acid of phosphorus, the preferred ones being those which contain at least one alkyl

group having at least two, and still more desirably at least four, carbon atoms in the chain. The following is a list of examples disclosed in the application illustrating but not limiting the type of addition agent contemplated:

I. The alkylated Aryl Phosphates, e. g.,
 tri–(tertiary amyl phenyl) phosphate
 tri–(butyl phenyl) phosphate
 tri–(iso-butyl phenyl) phosphate
 tri–(iso-propyl phenyl) phosphate

II. The alkylated Aryl Phosphites, e. g.,
 tri–(butyl phenyl) phosphite
 tri–(iso-butyl phenyl) phosphite
 tri–(iso-propyl phenyl) phosphite

III. The alkylated Aryl Thiophosphates, e. g.,
 tri–(butyl phenyl) thiophosphate
 tri–(iso-butyl phenyl) thiophosphate
 tri–(iso-propyl phenyl) thiophosphate

The application states that the compounds with the longer alkyl groups are more soluble in the mineral oil and also appear to exhibit better anti-oxidant properties and cause greater reduction in sludge formation. These addition agents are used in small amounts, the usual range being from about 0.1% to 0.5% for oxidation or corrosion resistance purposes. About .5% to 5% is used to achieve increased film strength of the lubricant.

According to the application, compounds of the type illustrated above may be obtained by condensing unsaturated chain compounds, and more specifically aliphatic hydrocarbons, with aromatic esters of acids of phosphorus, such as triphenyl phosphate or tricresyl phosphate.

Claim 23 is regarded as representative of species claims 14 and 23, which are specifically directed to a phosphate ester. Claim 1 is generic to phosphate, phosphite, and thiophosphate esters and is regarded as representative of all the other appealed claims. Those claims read as follows:

"1. A lubricating composition comprising a mineral lubricating oil and a minor amount of alkylated aromatic triester of an acid of phosphorus wherein the alkyl group contains at least two carbon atoms and is directly attached to a ring carbon atom."

"23. A lubricating composition comprising a mineral oil solution of an aliphatic substituted aromatic triester of phosphoric acid, wherein the aliphatic substituents contain at least 2 carbon atoms and are directly attached to a ring carbon atom."

The references relied on in rejections affirmed by the board are: Downing et al., 2,215,956, Sept. 24, 1940 (filed Oct. 21, 1937); Downing et al., 2,285,853, June 9, 1942 (filed Feb. 23, 1934); Powers, 2,203,-102, June 4, 1940 (filed Jan. 18, 1938).

The board affirmed the examiner's rejection of the lubricant of the appealed claims as unpatentable over Downing et al., No. 2,-215,956. Specifically, the board pointed out that it did not consider "tri-(tertiaryamyl phenyl) phosphate," which applicant discloses as illustrative of his additives, to be patentably distinct from the "mixed tri-tertiaryamylphenyl phosphate" lubricant additive disclosed in that reference.

The board also affirmed the examiner's rejection of the appealed claims as unpatentable over the Powers patent which discloses the use of minor amounts of tri-para-tertiary-amyl-phenyl phosphite as an additive for lubricants.

Appellant does not appear to contest the pertinency of the patents to Powers and Downing et al., No. 2,215,956, but contends that the instant application is a continuation-in-part of his prior application serial No. 760,038, filed December 31, 1934; and that this prior application discloses the invention of the appealed claims and hence constitutes a constructive reduction to practice antedating and obviating those references. The examiner and the board ruled that appellant was not entitled to the earlier filing date because the prior application he relies on does not sufficiently disclose the invention herein claimed so as to constitute a constructive reduction to practice of it.

Downing et al., No. 2,285,853, discloses the use of minor amounts of organic esters of the phosphorous acids as additives in lubricating oil and indicates, *inter alia,* the use of tri-cresyl phosphate, mixed tertiary-amylphenyl phosphates, and dilorol cresyl phosphate.

The examiner also rejected the appealed claims as unpatentable over the use of tricresyl phosphate as a lubricant additive as disclosed in Downing et al., No. 2,285,853. He held that the use of higher homologs of tri-cresyl phosphate (i. e., the use of an alkyl group containing at least *two* carbon atoms, as recited in the appealed claims) would be obvious in view of the obvious improvement in oil solubility. The board reversed this rejection holding that an affidavit submitted by appellant adequately establishes that the higher homologs have better corrosion loss characteristics than tri-cresyl phosphate, the board apparently regarding this as an unobvious and unexpected improvement.

The examiner further rejected the appealed claims on the ground of *res judicata* in view of the adverse decision holding the claims of appellant's earlier application, serial No. 197,732, unpatentable over Downing et al., No. 2,285,853 (the application herein allegedly being a continuation-in-part of that application). The examiner stated that the claims on appeal in that case were clearly directed to the same subject matter as claimed herein, namely, tri-aryl esters. He pointed out that he considered the appealed claims broader than claim 12 of the earlier application, that claim being drawn to a mineral oil containing "tri-tertiary amyl phenyl phosphate."

The board, although it reversed the examiner's prior art rejection based on Downing et al., No. 2,285,853, affirmed the rejection on the ground of *res judicata* stating:

"* * * The decision of the Court of Appeals for the District of Columbia [Lubri-Zol Corp. v. Kingsland, Comr. Pats., 83 App.D.C. 331, 169 F.2d 306.] in the prior application 197,732 held that the claims there involved were unpatentable to applicant in view of Downing et al. 2,285,853. We will not here enter into a discussion of the ra-

tionale of that decision. As we view the matter the issue to be decided is whether the claims before us are patentable over those involved in the decision in Serial No. 197,732. Ex parte Ittner, 85 U.S.P.Q. 24 [Bd. of App.]. In our opinion, the present claims are not patentably different from the claims in application Serial No. 197,732 and we, accordingly, affirm the rejection of claims 1, 2, 5, 7, 8, 10, 11, 12, 14, 21, 22, and 23 on the ground of res adjudicata."

Clearly the rejection of *res judicata* if affirmed will be dispositive of the case regardless of whether the prior art rejections on Powers and Downing et al., No. 2,215,-956, are proper or improper. We therefore will consider that rejection first.

The mere fact that appellant's earlier application, serial No. 197,732, would have supported the appealed claims had they been presented therein does not in itself render the claims rejectable on the ground of *res judicata*. However, the decision of the Court of Appeals on the earlier application became the final decision, so far as appellant is concerned, as to all subject matter actually contained in any of the claims involved in that proceeding, and appellant is bound by that decision holding those claims unpatentable over the Downing et al. patent, No. 2,285,853. Only if the instant claims on appeal contain subject matter *patentably different* from the subject matter of those claims is appellant entitled to have them considered on their merits. In re Ellis, 86 F.2d 412, 24 C.C.P.A., Patents, 759. See also Hemphill Co. v. Coe, 74 App.D.C. 123, 121 F.2d 897.[1] Thus the issue to be determined is not whether the appealed claims are patentable over Downing et al., No. 2,285,853, but whether they are patentably different from the claimed subject matter of his earlier application, serial No. 197,-732.

1. It is here noted that there are certain distinctions between the doctrine of *res judicata* as applied to judicial court proceedings and as applied to administrative or quasi-judicial action in the Patent Office. See In re Barratt's Appeal, 14 App.D.C. 255, a decision by our jurisdic-

tional predecessor, the Court of Appeals for the District of Columbia, cited and quoted from with approval in Overland Motor Co. v. Packard Motor Car Co., 274 U.S. 417, 47 S.Ct. 672, 71 L.Ed. 1131.

Appellant contends that the rejection of *res judicata* is improper because the appealed claims are patentably distinct from the claims in application serial No. 197,732. He points out that the examiner, the board, and the Court of Appeals held the claims in the parent application unpatentable over the tri-cresyl phosphate lubricant additive disclosed by Downing et al., No. 2,285,853, whereas in this case the board has specifically held the appealed claims patentable over a lubricant having a tri-cresyl phosphate additive. Appellant argues that the only logical conclusion that can be drawn from this situation is that there is a patentable difference between the claims in the two cases.

We do not agree with appellant's conclusion. We think this simply means that the present board thought the claims in the earlier application were erroneously held unpatentable over Downing et al., No. 2,285,853. The board clearly considered this to be immaterial insofar as the question of *res judicata* was concerned, and properly so. *Res judicata* applies whether the final decision in the earlier application was right or wrong, or was induced by want of the particular evidence offered to the board in this case, Blackford v. Wilder, 28 App.D.C. 535, unless the appealed claims are patentably different from those refused in that application In re Ellis, supra.

Moreover, the board's reversal of the prior art rejection on Downing et al., No. 2,285,853, and its affirmance of the rejection of *res judicata* is not in fact anomalous, although seemingly so at first impression. It was necessary for the board to have ruled on the merits of the prior art rejection based on Downing et al., No. 2,-285,853, in view of the possibility that the rejection on *res judicata* might be reversed on appeal. Otherwise, the former rejection, not having been expressly overruled by the board, would be regarded by this court as having been affirmed. See In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718.

We turn therefore to a determination of whether the appealed claims are patentably different from those refused in application serial No. 197,732.

Claim 12 of the latter application reads as follows:

"12. A lubricating composition comprising a mineral lubricating oil and a minor amount of tri-tertiary amyl phenyl phosphate."

In neither the record nor in his brief has appellant contradicted or challenged the examiner's statement that the appealed claims are broader than claim 12 of the earlier case. After a study of the record we do not see how he could do so.

In his request for reconsideration before the Board of Appeals in the earlier case, appellant stated as follows:

"The first specific example given in the specification, namely, tri-tertiary amyl phenyl phosphate, is representative of all of the examples and all of the compounds covered by the claims and has the structure of Formula I on the attached sheet.

"A somewhat more simplified representation of this specific example is found in Formula II on the attached sheet.

"It will be observed that Formula II is generic to all of the alkylated aromatic phosphates disclosed in the application. * * *"

"Formula I" discloses a tri-ester of phosphoric acid having three phenyl groups, one substituted for each of the three hydrogen atoms of the acid; a tertiary amyl group (i. e., an alkyl group with 5 carbon atoms) is directly attached to a ring carbon atom in each of the phenyl groups. "Formula II" discloses a similar tri-ester with "an alkyl group having at least 2 and preferably 4 carbon atoms" attached to each of the phenyl groups.

According to appellant's brief, the appealed claims are directed to tri-esters of phosphorous acids having a phenyl group substituted for each of the three hydrogen atoms of the acid, and an alkyl group attached to a ring carbon atom in at least one of the phenyl groups. Moreover, the present application lists "tri (tertiary amyl

phenyl) phosphate" as one of the 10 specific illustrative additive agents contemplated by the disclosed invention, and it appears that this term must be directed to a compound having the structure of "Formula I," supra.

■ It is true that the claims before us define the additives somewhat differently than in the earlier case; e. g., the present claims call for an "aromatic tri-ester" and recite that the "alkyl group is attached to a ring carbon atom." However, in view of the foregoing, it seems clear to us that the appealed claims are broader than, and read directly on, the compound recited in claim 12 of the earlier application. This being the case, we concur with the board and the examiner that the appealed claims are not patentably different from the claims of application serial No. 197,732, but are directed to essentially the same subject matter. Hence, the differences in phraseology do not effect the conclusiveness of the former adjudication by the Court of Appeals. In re Edison, 30 App.D.C. 321.

■ Having reached the foregoing conclusion, we think the board's rejection of the claims on the ground of *res judicata* must be affirmed. In re Ellis, supra. Were we to hold otherwise, we would nullify the decision of the Court of Appeals in the earlier case. Under R.S. § 4911 and R.S. § 4915 (see now 35 U.S.C. §§ 141 and 145 (1952) appeal to this court and remedy by civil action in the District Court are alternative and mutually exclusive remedies. Appellant having elected in the earlier case to proceed by civil suit under R.S. § 4915, the final decision rendered in that proceeding is conclusive of the issues determined therein, and appellant cannot obtain a further review of such issues in a later-filed application brought before this court. See Hemphill v. Coe, supra.

In view of our affirmance of the *res judicata* rejection, it is unnecessary to consider the rejections based on the patents to Powers and Downing et al., No. 2,215,956.

For the reasons hereinbefore set out, the appeal is dismissed as to claims 3, 6, 7, 9, 13, and 24, and the decision of the Board of Appeals as to claims 1, 2, 5, 8, 10 to 12, 14 and 21 to 23 is affirmed.

Affirmed.